23376. YOUNG *v.* MINTON *et al.*

DECIDED SEPTEMBER 20, 1934.

*John M. Seal, Eugene Dickey,* for plaintiff.

*A. S. Clay,* for defendants.

JENKINS, P. J.  While the word "resignation" in its stricter sense more generally refers to a formal renunciation or giving up of an office, it is often applied to a surrender, relinquishment, or giving over of a position.  A resignation takes effect usually by direct or express word or act of a more or less formal nature, accompanied generally, in the case of a subordinate office, by some acceptance by a higher authority; but in the case of a position, and under some authorities an office, a resignation may become effective without such acceptance, and even impliedly, as by abandonment of all duties and work.  See 4 Words & Phrases (2d series) 354; 3 Bouvier's Law Dictionary (3d rev.), 2407-2409; New Standard Dictionary; Webster's New International Dictionary; 54 C. J. 718. Where a contract of mutual insurance between employees as members in the "Employees' Mutual Association of the Atlanta, Georgia, Post-Office" provided for the payment of disability and death benefits to the plaintiff in this case as a "member," in consideration of assessments, that "membership automatically ceases upon resignation, transfer or discharge from the Atlanta post-office," and that "upon retirement a member ceases all payments, but at his death his beneficiary will receive a benefit of twenty-five cents a member;" and where by the undisputed evidence the plaintiff, suing under the contract for total-disability benefits commencing

September 22, 1931, made on December 15, 1931, during his total disability, a formal application to the Atlanta post-office and Federal authorities administering such matters under acts of Congress for his retirement, informed the secretary of the assistant postmaster that he intended so to retire and would never be able to work any more, and the Federal Veterans' Administration, on April 18, 1932, issued to him a "certificate of retirement," effective on November 1, 1931, allowing a specified amount as a retirement annuity beginning on that date and continuing during total disability, these acts of the plaintiff constituted a "resignation" and "retirement" from the Atlanta post-office and automatically terminated his membership under his insurance contract in so far as disability benefits are concerned, as of the date of his application for retirement on December 15, 1931. This is especially true, whether the plaintiff held an office or a position (which is not clear from the record), where his application to discontinue his duties was formally accepted by superior authorities by their issuance to him of the retirement certificate effective November 1, 1931, and where he accepted the retirement benefits from the government, beginning on that date. The defendants having admittedly paid all of the total-disability benefits due under the contract to December 15, 1931, the date of the plaintiff's application for retirement, the verdict rendered in favor of the defendants was demanded, and the court did not err in refusing a new trial. The question determined being controlling, it is unnecessary to consider the special grounds and other questions presented. *Judgment affirmed. Stephens and Sutton, JJ., concur.*