## 52256. BARNES v. CALDWELL et al.

STOLZ, Judge.

This is an appeal from the order of the superior court upholding the final administrative determination of the Employment Security Agency which imposed a penalty

upon the appellant, canceling five weeks of his unemployment compensation under the provisions of Code Ann. § 54-610 (a). The issue before the agency and also before the superior court was whether Barnes had voluntarily left his employment and what effect, if any, his apparent understanding that he had been fired had on the issue of voluntariness.

In the initial hearing on Mr. Barnes' claim, the claims examiner imposed the statutory disqualification, finding that Barnes had "created his separation by his own actions." At that time, Mr. Berman, Barnes' former employer, had contended that Barnes stated "either give me the rest of my money or I am quitting." Berman retracted that statement during a hearing before the appeals referee, who made the following findings of fact: that appellant Barnes said, "in essence, either give me the rest of my money or I am quitting"; that "[e]mployer did tell him if he did not like it he could leave"; that "[c]laimant elected to quit, which he did." On appeal to the board of review, the referee's findings were adopted and the decision affirmed; likewise in the appeal to the superior court. *Held:*

In essence, this case turns on reconciliation of Barnes' statement, "So he told me well you can go," and Berman's statement, "One thing led to another and I said well now if you are dissatisfied and you don't like it I said you can leave."

This court does not sit as a fact-finding body, but rather one for the correction of errors of law. Therefore, in reviewing orders of the superior court in appeals from decisions of the Employment Security Agency, if there is any evidence to support the decision below, it will be affirmed. *Banks v. Huiet,* 111 Ga. App. 607 (142 SE2d 421); *Dalton Brick & Tile Co. v. Huiet,* 102 Ga. App. 221 (115 SE2d 748). It is apparent from the record that there is some evidence to support the decision. We do not assume that the referee failed to consider Berman's admission that Barnes never explicitly said he was quitting; rather, the referee's finding as to the substance, if not the exact language, of Barnes' statements is consistent with his having heard and considered Berman's retraction. Furthermore, since the referee made his own findings of

fact, separate from those of the claims examiner, the question whether or not the claims examiner may have implied a "provoked discharge" or "constructive quitting" in her fact findings is of no consequence in this appeal.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED JUNE 7, 1976 — DECIDED JULY 8, 1976 — REHEARING DENIED JULY 20, 1976.

*Arthur Leed,* for appellant.

*Arthur K. Bolton, Attorney General, Wayne P. Yancey, Assistant Attorney General,* for appellees.