## 52289. CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE v. WILLIAMS.

STOLZ, Judge.

This is an action by an employee against his employer to recover a reward, offered by the employer, for having furnished information leading to the arrest and conviction of an individual found stealing property from the employer. The reward sign, posted at the defendant's terminal in Fulton County, read as follows: "Up to *$5,000 reward* is being offered by Consolidated Freightways for information leading to the arrest and

conviction of any individual found stealing or concealing freight or other property from Consolidated Freightways. We feel that all employees should be trusted. However, a dishonorable act on the part of one individual can cast suspicion on the rest of us. It is our firm intention to quickly apprehend and prosecute any dishonorable person who may appear among us. *All information will be held in strict confidence.* Call Collect — CF Security Office — 503-227-2561 Ext. 252 or contact your supervisor or terminal manager."

The defendant appeals from the verdict and judgment for the plaintiff for $5,000.

1. The denials of the defendant's motions for a directed verdict were not error. Following are substantially the defendant-appellant's contentions and our rulings thereon.

(a) That the reward was not offered to the plaintiff, who was a supervisor, as is illustrated by the fact that the sign indicated that the acceptor should contact his supervisor. "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." Code § 20-704 (4). The general wording of the reward offer indicates that it is directed to the employees generally, e.g., ". . . *all employees* should be trusted . . . a dishonorable act on the part of one individual can cast suspicion on *the rest of us.* It is our firm intention to quickly apprehend .and prosecute any dishonorable person who may appear *among us . . ..* contact *your* supervisor . . ." (Emphasis supplied.) The instruction to "contact your supervisor" did not necessarily exclude supervisors as offerees; the evidence showed that many of the defendant's supervisors also had supervisors over them, which would exclude a large part of the employees under that construction. Furthermore, the alternative instruction, "or terminal manager," might apply to supervisors who accept and act on the offer.

With all of the English language at its command, the employer-offeror did not explicitly limit the offer to any particular class of persons. "The intention of the parties may differ among themselves. In such case, the meaning

placed on the contract by one party, and known to be thus understood by the other party, at the time, shall be held as the true meaning." Code § 20-703. Although the defendant introduced some evidence that it had never paid a reward to a supervisor, and evidence which might indicate that the plaintiff knew this, the jury was authorized to believe the plaintiff's testimony that he knew of no such policy or understanding.

"If the construction is doubtful, that which goes most strongly against the party executing the instrument, or undertaking the obligation, is generally to be preferred." Code § 20-704 (5). "This undertaking must be construed in light of the substantial purpose which influenced the parties to enter into the contract in the first place, *Illges v. Dexter,* 77 Ga. 36, 40, *Pidcock v. Nace,* 15 Ga. App. 794, 797 (84 SE 226), *Andrews v. Bickerstaff,* 93 Ga. App. 571, 575 (92 SE2d 257), and the surrounding circumstances may be looked to in determining the intention of the parties to the contract, *Andrews v. Bickerstaff,* supra, and where the terms of the contract will permit it should be given a construction which will advance its beneficial purpose." *Orkin Exterminating Co. v. Buchanan,* 108 Ga. App. 449, 452 (133 SE2d 635).

Although some of the above is applicable to bilateral contracts, it can also be applied in construing this unilateral contract offer. "General offers of a reward or money payment are frequently made by publication, requesting or inviting the doing of some non-promissory act such as the return of a lost article, *the giving of information,* the arrest of a fugitive, the use of a medicine, the winning of a contest, . . . the advance of goods or money to a third person. In these cases, the act is both the acceptance and the only subject of agreed exchange to be received by the offeror. Unless otherwise specified in the offer, no notice of acceptance by the offeree is necessary; his act is enough." Corbin on Contracts (one volume ed.), § 70, p. 114.

The surrounding circumstances here were that the employer offeror was losing thousands of dollars worth of property by theft. The beneficial purpose of the reward offer was to curb this theft. This purpose could be better

served by broadening the offer to include all employees. While some employees, including those in supervisory positions, might report observed thefts out of a sense of loyalty to their employer, or civic or moral duty, the monetary offer added a stronger incentive for both supervisory and non-supervisory employees.

(b) That the testimony showed that the plaintiff-employee did not rely on the offer at the time he performed the acts necessary to observe and detect the thief. Although the plaintiff testified that he was not thinking specifically about the reward while attempting to observe the theft, the evidence showed that he was well aware of the reward offer sign and had every reason to believe that he was eligible for it by his acts of acceptance.

"Ordinarily the motive that induces one to offer a reward is his desire to procure the performance that he requests. Ordinarily, also, the motive that induces someone to render the requested performance is his desire for the reward that he knows has been offered. Even in the case of the offeror, however, his desire for the performance may not be his sole motive; and in the case of an acceptor, the requested service may be rendered from motives wholly other than a desire for the offered reward . . . In any case, it is certain that in rendering a requested performance it is not necessary that the sole motive of the offeree shall be his desire for the offered reward. It need not even be his principal or prevailing motive. The motivating causes of human action are always complex and are frequently not clearly thought out or expressed by the actor himself. This being true, it is desirable that not much weight should be given to the motives of an offeree and that no dogmatic requirement should be embodied in a stated rule of law." Corbin, op. cit., § 58, pp. 91, 93.

The defendant-employer, having received the benefit of the plaintiff's acceptance of its offer, cannot be heard to assert the technicality of a requirement that the offer be accepted with absolute and exclusive reliance thereon at the time.

(c) That the reward "contract" or offer was too indefinite to be enforceable in that it offered merely "up to $5,000," and that there was no value of the acceptance

shown on which to base a recovery under quantum meruit. Had the defendant-offeror tendered the plaintiff-acceptor *any* amount of reward, it might be heard to make this objection. Absent such a tender, however, the plaintiff was justified in seeking the maximum amount offered, and there was sufficient evidence of the amounts of the theft losses to authorize the award of this maximum amount.

(d) That there was no consideration flowing to the defendant-employee since the plaintiff-employee's scope of employment allegedly included the duty of reporting thefts coming under his observation. The plaintiff testified that there was nothing in the defendant's manual that gives the duties of every employee "from terminal man on down." "Whether or not the servant was acting within the scope of his employment . . . is usually a jury question." *A-1 Bonding Service, Inc. v. Hunter,* 125 Ga. App. 173, 177(4a) (186 SE2d 566); *Southern Bell Tel. & Tel. Co. v. Wallace,* 133 Ga. App. 213(1) (210 SE2d 347). Furthermore, even if there was an explicit or implicit duty on the part of the plaintiff to report any observed thefts in his work area, and although his observations were made during his normal working hours, the plaintiff had someone temporarily assume his duties as dock foreman while he hid out of sight in a trailer, in order to observe unseen. This was above and beyond his routine duty of observing incidents of theft, and was his own idea, according to the plaintiff's testimony.

The evidence authorized the finding that the plaintiff was eligible to accept the defendant's reward offer and that he fully complied with all of its conditions. Enumerated errors 1, 2 and 15 are without merit.

2. The charge, to the effect that the plaintiff brings this action "on a contract . . . and seeks a verdict . . . in the amount of five thousand dollars," was not an expression of the judge's opinion that a contract existed or that any recovery must be for the full amount sought, $5,000. This was merely a permissible statement of the plaintiff's allegations and contentions. The judge elsewhere correctly charged that the parties' allegations not admitted formed issues, the burden of proof thereon being on the pleader; that the contentions of the parties

were not to be considered as evidence; and that the jury was to determine the issues as to the existence of a contract and the value of services in connection therewith. Enumerated error 3 is without merit.

3. The judge did not err in charging the jury that there was evidence in the case of a sign and of a reward being offered. These facts were supported by evidence and stipulated by the parties; the dispute was as to the eligibility of the plaintiff to accept the offer and as to the value of his services. Enumerated error 4 is without merit.

4. The charge — giving the definition of reward and instructing in effect that, if and when the plaintiff accepted the offer by performance of the alleged services, there would be a binding contract — was not error for any reason urged. The jury was properly charged as to the plaintiff's burden of proof of services rendered beyond his employment duties, reliance on the offer, and value of services rendered. Enumerated error 5 is without merit.

5. Enumerated errors 6 through 14 are the failure to charge defendant's requests to charge. These requests were all either covered elsewhere in the charge or were deficient in not properly defining the plaintiff's "duties" so as to distinguish between moral and legal, and ordinary and extraordinary duties. The requested charge to the effect that the plaintiff's information must have been the first regarding the thief in question to constitute adequate consideration, was properly omitted, as the evidence did not show that anyone else had previously submitted this particular information to the employer. These enumerated errors are without merit.

The verdict and judgment were not error for any reason contended.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED JUNE 7, 1976 — DECIDED
JULY 12, 1976.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr., Ronald D. Reemsnyder,* for appellant.
*Norman Estes Smith,* for appellee.