## 54892. PHILLIPS v. CALDWELL et al.

DEEN, Presiding Judge.

This is an appeal from an affirmance by the superior court of a finding by the board of review against the claimant Phillips seeking benefits under the Employment Security Law (Code Ch. 54-6). Claimant, a chef at the Marriott Motor Hotel, Inc., had submitted his resignation, giving a two-week notice, and offering no reason other than that it was caused by "extenuating circumstances." At the eventual hearing it became clear that he felt the pace of his work was causing his health to deteriorate; that due to a business slump the employer had cut down both on the number of personnel and on the hours worked; that although the claimant's overall wages had not decreased in the 10 weeks prior to his resignation he felt that he was expected to do in 32 hours the work for which he had been previously allotted 40 hours, and that to make the same wages he had to work an extra day. A letter introduced in evidence without objection from his physician at a county health clinic states the claimant has

been under extreme pressure which would make it difficult for him to function adequately, for which reason he felt it necessary to terminate his employment. Testimony on behalf of the employer indicated he was a conscientious and satisfactory employee. *Held:*

The Georgia unemployment compensation law ("Employment Security Law") is remedial in character and is, according to legislative intention, to be liberally construed to effect its purposes. *Ford Motor Co. v. Abercrombie,* 207 Ga. 464, 467 (62 SE2d 209). While claims for compensation are initially determined by an examiner under Code § 54-602, a board of review "may on its own motion affirm, modify or set aside any decision of an appeal tribunal." (Code § 54-615), and its determination of the case is a de novo proceeding. *Dalton Brick &c. Co. v. Huiet,* 102 Ga. App. 221 (3) (115 SE2d 748). Its findings, where supported by evidence, are conclusive. *Banks v. Huiet,* 111 Ga. App. 607 (142 SE2d 421); *Smith v. Caldwell,* 142 Ga. App. 130 (1) (235 SE2d 547). There is evidence in this record supporting the denial of compensation by the board of review, including the fact that the employee, when he gave two weeks notice of resignation and thereafter resigned, did not inform his employer that he was doing so for reasons of health. Nor does the letter of his physician, even if accepted at face value, require a conclusion that this was a medical decision. Additional evidence offered by the employer is to the effect that the claimant was in fact doing a perfectly adequate job at the time he decided to resign. A transcript of evidence of the hearing and of the decision of the referee was examined and affirmed by the board of review, which expressly held that the record contained nothing constituting deliberate unfairness or bias. We have studied this transcript and are constrained to agree that a finding of bias is not demanded. Neither the board of review nor the referee hearing the case found that the service of notice of reasons for leaving was an absolute precondition for the collection of benefits, but did find that "the evidence in this case shows that claimant voluntarily quit his job for personal reasons and not for good cause connected with his work," and included failure to discuss his reasons for quitting with his employer as one of the

referee's reasons for making the adverse decision.

The decision of the superior court affirming the board of review is supported by evidence and is affirmed.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED NOVEMBER 3, 1977 — DECIDED NOVEMBER 29, 1977 — REHEARING DENIED DECEMBER 16, 1977.

*William J. Brennan, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Wayne P. Yancey, Assistant Attorney General,* for appellees.