## 55211. SAMS v. ELDER et al.

SHULMAN, Judge.

This appeal follows a judgment affirming the denial of petitioner's application for early retirement benefits. We affirm.

1. The facts are not disputed. At the age of 47, at a time when petitioner had served the City of Atlanta in excess of 25 years, petitioner requested permission to file a petition for nondisability deferred pension benefits as a matter of right. Petitioner sought benefits under the Chapter and Related Laws of the City of Atlanta, which provides "that any officer or employee who has served twenty-five (25) years and who has attained the age of fifty-five (55) years may elect to retire on a reduced pension. . ." Ga. L. 1962, p. 3140, § 1 (b); Charter and Related Laws of the City of Atlanta, § 11.1.74 (b). In accordance with his interpretation of this provision, petitioner sought an immediate termination of the employment relationship but with deferred pension retirement benefits commencing at age 55.

Appellant's claim of entitlement cannot be sustained. "While it is the general rule, as contended by

counsel, that laws pertaining to pensions must be liberally construed [cits.]; it is also the rule that the right . . . to the payment of benefits . . . depends upon the terms of the law providing the right for such benefits. . ." *Burks v. Board of Trustees,* 214 Ga. 251, 254 (104 SE2d 225). Under the law, the election of an employee to retire at age 55 necessarily presupposes that there be some active service from which to retire.

Here appellant's proposed "retirement" is premature. The date at which appellant seeks to terminate the employment relationship would also be the effective date of resignation and retirement. See, e.g., *Young v. Minton,* 49 Ga. App. 545 (176 SE 662). This being so, appellant's application constituted an election to retire prior to age 55 and does not satisfy the conditions required by the law.

Our legislature has created specific classes of individuals who, if qualified, are entitled to receive pension benefits. Petitioner would have us create another class of qualified individuals through the invention of a legal fiction whereby the attainment of age 55 relates back to the actual election to retire and retirement prior to age 55. This we refuse to do. See generally *City of Macon v. Walker,* 204 Ga. 810 (2) (51 SE2d 633).

2. Under the circumstances, if appellant is entitled to receive any pension benefits as a matter of right, that right is governed by § 11.1.75 of the Charter and Related Laws of the City of Atlanta, which provides that "[w]hen any person coming within the provisions of this Act, as amended, shall have completed twenty (20) years of active service with such city and not yet have reached the age of sixty-five (65) years, then such person shall have the right to terminate his employment with such city upon completion of said twenty (20) years, or at any time thereafter; [and] elect [to comply with certain conditions and to receive certain benefits as defined]." Ga. L. 1971, p. 2939, § 1; Charter and Related Laws of the City of Atlanta, § 11.1.75.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 30, 1978 — DECIDED MARCH 9, 1978.

*Barnes & Browning, Roy E. Barnes,* for appellant.
*Ferrin Y. Mathews, Ralph H. Witt,* for appellees.