63579. MILLER BREWING COMPANY v. CARLSON.

QUILLIAN, Chief Judge.

Petitioner was discharged as an employee of defendant Miller Brewing Company. The Board of Review of the Employment Security Agency, Department of Labor, found that she was

disqualified for benefits by Code Ann. § 54-610 (b) (Ga. L. 1937, pp. 806, 812, as amended through Ga. L. 1973, pp. 729, 730). On appeal, the trial judge determined there was no probative evidence that the petitioner was discharged for a disqualifying reason showing fault within the definition of *Smith v. Caldwell,* 142 Ga. App. 130 (235 SE2d 547).

After grant of an application for discretionary appeal, we now consider the correctness of that ruling. *Held:*

Code Ann. § 54-616 (Ga. L. 1937, pp. 806, 817 as amended through Ga. L. 1978, pp. 1386, 1394) provides: "The manner in which appealed claims shall be presented, and the conduct of hearings and appeals shall be in accordance with regulations prescribed by the commissioner for determining the rights of the parties, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure." Our Supreme Court in its interpretation of this section held as follows: "The unemployment compensation act speaks of evidence, witnesses, oaths of witnesses, depositions, and the like; and we find nothing that would lead to the view that what is wholly without probative value in other proceedings may be taken as evidence in a proceeding under this statute . . . In our opinion, what this provision means, and all that it means, is that the department need not observe the niceties of pleading, or follow the technical rules as to method of producing and hearing evidence or the examination of witnesses. Liquid Carbonic Co. v. Industrial Commission, 352 Ill. 405 (186 N.E. 140, 87 A. L. R. 770). It would not permit the commissioner or any tribunal in the department to sanction as evidence something which clearly is not evidence, in that it is wholly without probative value . . ." *Huiet v. Schwob Mfg. Co.,* 196 Ga. 855, 860 (27 SE2d 743).

Without question, and as both sides concede, in passing upon the sufficiency of the evidence considered by the administrative tribunal, the trial court, as well as this court, is bound by the "any evidence" rule. *Johnson v. Caldwell,* 148 Ga. App. 617 (1) (251 SE2d 837); *Caldwell v. Corbin,* 152 Ga. App. 153 (1) (262 SE2d 516); *Hall v. Ault,* 240 Ga. 585 (242 SE2d 101); *Ga. Real Estate Commission v. Burnette,* 243 Ga. 516 (2) (255 SE2d 38). Therefore, the sole issue presented for our determination is whether there was any evidence of probative value to sustain the finding of the administrative agency.

Upon an examination of the record, in our view there was some evidence to sustain the finding of the administrative agency that " . . . due to an uncooperative attitude by the Claimant, she was failing to perform the duties for which employed." While the record reveals that the supervisor who terminated petitioner's employment based

96

his conclusions and actions partly on hearsay, we are not prepared to say this would serve to render his testimony worthless. Moreover, here there was also testimony based on his personal knowledge and what the petitioner told him.

The trial judge erred in reversing the ruling of the Board of Review.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 9, 1982.

*Jesse W. Walters, Donald B. Harden, Weyman T. Johnson, Jr.,* for appellant.

*Donald A. Sweat, Michael J. Bowers, Attorney General, Jesse C. Stone,* for appellee.