## 67597. ALLEN v. LANKFORD et al.

SOGNIER, Judge.

On Friday, September 10, 1982, Allen resigned her position as a high school teacher with tenure after being confronted by her principal, Lankford, with shortages in certain school funds. The letter of resignation read, "I wish to resign from my position in the Toombs County School System." The same day, Lankford delivered a copy of the resignation to Toombs County School Superintendent Conner. Allen removed her personal possessions from her school room on Saturday, September 11, 1982. On Tuesday, September 14, 1982, Allen and her attorney delivered to Lankford and Conner a letter withdrawing the resignation. At the regular meeting of the Toombs County Board of Education (Board) held that night, the subject of the resignation was tabled until the next meeting, and it was agreed that Allen would be paid and a substitute teacher used until the next meeting. Allen reported for work on Thursday, September 16, 1982, but was told there was no work for her since she had resigned. On September 21, 1982, the Board met in executive session and accepted Allen's resignation. Allen subsequently brought the instant action against Lankford, Conner, and the members of the Board in two counts, breach of contract and defamation. All parties moved for summary judgment. The defendants' motion for summary judgment was granted in part and denied in part, being granted, in particular, as to the first count — breach of contract. Allen's motion for summary judgment was de-

nied, and she appeals. All issues raised on appeal relate to the first count of the complaint only.

Appellant contends that the trial court erred by granting summary judgment in favor of appellees and by denying her motion for summary judgment, arguing that because she withdrew her resignation before it was acted upon by the Board, she could be terminated only according to the procedures set forth in OCGA § 20-2-940. Appellees contend that appellant's resignation was effective immediately and so could not be withdrawn, and that furthermore, appellant abandoned her office by failing to report to work or perform her job duties for three consecutive days after submitting the resignation.

A teacher, having tendered a written resignation to his principal or superintendent, may regard it as ineffective and withdraw it until it is accepted by the board of education with which his contract exists. See 78 CJS 1101-1102, Schools and School Districts, § 206; Holman v. Ala. State Tenure Comm., 363 S2d 101, 102 (Ala. Civ. App. 1978); Alexander v. Ala. State Tenure Comm., 358 S2d 1032, 1035 (Ala. Civ. App. 1978); Trustees State Normal School v. Wightman, 25 P2d 193, 195 (Colo. 1933); Hart v. School Bd. of Wakulla County, 340 S2d 121, 122 (Fla. App. 1976); DeBarge v. Cameron Parish School Bd., 202 S2d 34, 39 (La. 1967); State v. Ford, 151 P2d 171, 175 (Mont. 1944); State v. Barberton Bd. of Education, 74 NE2d 246, 247 (Ohio 1947); Le Masters v. Bd. of Education, 141 SE 515 (W.Va. 1928). See also Annotation, 9 ALR4th 729. See generally *Young v. Minton,* 49 Ga. App. 545 (176 SE 662) (1934).

The record does not contain a copy of appellant's employment contract, but it is undisputed that she was employed by the appellee Board of Education and that the Board had the authority to hire, and presumably to fire, teachers. See OCGA § 20-2-940 (e)-(g). The evidence established that appellant submitted a written withdrawal of her resignation to the Board one week before the Board acted to accept her resignation. Superintendent Conner testified in deposition that he, as well as the principal, accepted the resignation prior to its acceptance by the Board. However, the record contains no evidence to show that either the principal or the superintendent had been delegated authority by the Board to accept the resignation. Thus, a question of fact remains as to whether appellant's resignation was accepted prior to its withdrawal.

Relying on *Atlanta v. League of Women Voters,* 244 Ga. 796, 798 (2) (262 SE2d 77) (1979) and OCGA § 45-5-1 (7), appellees argue that even if appellant's resignation was not effective, her abandonment of her position and cessation of teaching duties effectively terminated her employment. Pretermitting the question of whether the public officers statute applies to public school teachers, we note the general proposition stated in CJS that "[a] teacher's contract of employment

may be terminated by his abandonment of the contract and the acceptance of, or acquiescence in, the abandonment by the school board. This constitutes a rescission of the contract by mutual agreement . . . ." 78 CJS 1103, supra. See also *Young*, supra. Abandonment is a matter of intent (see *Cotterill v. Hopkins*, 180 Ga. 179 (2) (178 SE 444) (1934); Cords v. Window Rock School Dist., 526 P2d 757, 760 (Ariz. 1974)), and in order for acts to culminate in mutual rescission, a teacher must express a definite intention to abandon his contract and his employer must perform an act acquiescing in the abandonment. West Shore School Dist. v. Bowman, 409 A2d 474, 478 (Pa. 1979). Abandonment of a teacher's contract usually involves a clear manifestation of unwillingness to teach. Brown v. Bd. of Education, 347 NE2d 791, 796 (Ill. 1976).

We find the evidence insufficient to conclusively establish an intent to abandon her employment contract on the part of appellant. Appellant denies abandonment and asserts that she attempted to return to her duties following the withdrawal of her resignation. Under these circumstances, we do not find the mere absence of three days sufficient to show abandonment as a matter of law. Thus, a question exists for the jury as to whether appellant abandoned her position. See *M. W. Buttrill, Inc. v. Air Conditioning &c. Inc.*, 158 Ga. App. 122, 125 (279 SE2d 296) (1981).

Appellees also argue that the hiring of a replacement for appellant establishes the fact of abandonment. Acceptance of a resignation may be made impliedly by the appointment of another in the teacher's place. 78 CJS 1101, supra; Jarrett v. Shelby County Bd. of Education, 349 S2d 13, 14 (Ala. 1977). However, the evidence here shows that the Board did not immediately hire a replacement for appellant but instead continued to pay appellant and to use a substitute teacher until appellant's resignation was acted upon. See Pierce v. Douglas School Dist., 653 P2d 243, 246 (Ore. App. 1982).

For the above reasons, the trial court erred in granting summary judgment in favor of appellees on the first count of appellant's complaint. However, because genuine issues of material fact remain, the trial court did not err by denying appellant's motion for summary judgment. See *Barber & Barber v. Board of Comm.*, 231 Ga. 574, 575 (3) (203 SE2d 192) (1974); *Modern Maid Homes v. Parnell*, 129 Ga. App. 576 (200 SE2d 320) (1973).

*Judgment reversed in part and affirmed in part. McMurray, C. J., and Deen, P. J., concur.*

DECIDED APRIL 2, 1984.

*Malcolm F. Bryant, Jr., Howard C. Kaufold, Jr.,* for appellant.

*Alvin L. Layne, A. Martin Kent, Jordan D. Morrow III*, for appellees.