68633. MOORE v. TANNER et al.
(324 SE2d 772)

CARLEY, Judge.

Appellant filed a claim for unemployment benefits. A hearing was held, wherein the sole issue presented for resolution was whether appellant had quit his job under the "disqualifying condition" provided in OCGA § 34-8-158 (1). The administrative hearing officer found that appellant "did not have a good work connected cause for quitting" his employment and was disqualified from receiving unemployment benefits. Appellant's administrative appeals from this decision were unsuccessful. On appeal to the superior court, the disqualification was likewise affirmed. Appellant's application for a discretionary appeal to this court was granted.

1. Appellant asserts that the evidence demonstrates, as a matter of law, the existence of "good cause" for voluntarily leaving his employment. In this regard, appellant contends that while on the job, he was subjected to personal, non-employment related harassment by a co-worker. He also contends that he had reported this harassment to his supervisors who refused to investigate the allegations of co-worker misconduct and who thereby ratified it. According to appellant, this combination of co-worker harassment and supervisory inaction was "good cause" for voluntarily leaving his employment.

Appellant's contentions are predicated upon a unilateral view of the evidence that was presented to the administrative hearing officer. The co-worker who was accused of engaging in tactics of personal harassment categorically denied that he had ever done so. The accused co-worker testified that his disagreements with appellant had arisen over the manner in which appellant performed his employment duties, which duties were to be coordinated with the co-worker's. Several of appellant's other co-workers testified that they had never observed any instances wherein appellant had been subjected to harassment of a personal nature.

Likewise, appellant's contention that his alleged personal harassment had been "ratified" by supervisory inaction was disputed. One of the supervisors testified that he had conducted an investigation into appellant's complaints but "[n]obody knew [anything] about it . . . ." The supervisor further stated that he "kept watching, and . . . never could find out anything. It was just [appellant] that had a dislike against the [co-worker.]" In addition, appellant's specific contention that leaving his employment was precipitated by his supervisors' laughter at his latest complaint of personal harassment was disputed.

One of the supervisors testified that appellant's last complaint concerned his performance of a coordinated job assignment with the co-worker, not personal non-employment harassment by the co-worker. According to the supervisor, he had been confronted by appellant who objected to the performance of the assignment and who stated that the co-worker had "to go." When the supervisor told appellant that the job assignment to which he objected had to be performed, appellant again insisted that either he or the co-worker had "to go." The supervisor declined to make the choice between employees and told appellant to "do what you want to do . . . ." Appellant chose to leave his employment.

Based upon the foregoing, it is clear that there was ample evidence to support the finding that appellant had not been "mistreated" and that "the working conditions had [not] become unsuitable to warrant quitting . . . ." Absent appellant's testimony, the evidence would demonstrate the existence of a personality conflict with a co-worker with whom he was required to perform coordinated tasks. Thus, the evidence would authorize the finding that the "primary reason for [appellant's] quitting was his working relationship with another employee" rather than the personal, non-employment related harassment to which he contended he was subjected while on the job. Under the evidence, appellant declined to continue to work with the co-worker and, when his employer refused to discharge the co-worker, appellant elected to quit. Under these circumstances, appellant " 'created his separation by his own actions.' " *Barnes v. Caldwell*, 139 Ga. App. 384, 385 (228 SE2d 325) (1976).

"This court does not sit as a fact-finding body, but rather one for the correction of errors of law. Therefore, in reviewing orders of the superior court in appeals from decisions [regarding unemployment benefits], if there is any evidence to support the decision below, it will be affirmed. [Cits.] It is apparent from the record that there is some evidence to support the decision." *Barnes v. Caldwell*, supra at 385. " '[T]he evidence in this case shows that claimant voluntarily quit his job for personal reasons and not for good cause connected with his work' . . . ." *Phillips v. Caldwell*, 144 Ga. App. 376, 377 (241 SE2d 278) (1977).

2. We do not reach appellant's further assertion that the improper standard of proof was employed in reaching the conclusion that he was disqualified from unemployment benefits. From the record, it appears that this assertion was not raised at the appropriate times. See *Sparks v. Caldwell*, 244 Ga. 530 (261 SE2d 590) (1979).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 29, 1984.

John C. Fowler, for appellant.
James I. Roberts, Susan L. Rutherford, for appellees.
Amy L. Shapiro, John L. Cromartie, Jr., amici curiae.