### 74330. BULLOCH ACADEMY v. CORNETT.
(360 SE2d 615)

CARLEY, Judge.

An administrative hearing officer found that appellee-employee had voluntarily resigned his position with appellant-employer "without good cause" and was, therefore, disqualified from receiving unemployment benefits. See OCGA § 34-8-158 (1); *Moore v. Tanner*, 172 Ga. App. 792 (324 SE2d 772) (1984). Appellee's administrative appeals were unsuccessful. However, on appeal to the superior court, the finding of appellee's disqualification was reversed. The superior court held that, under the evidence, appellee had merely offered to resign, which offer he had then withdrawn before it had been accepted by appellant. Accordingly, the superior court felt "constrained to hold that there was no evidence to support a finding that [appellee's] written contract was modified by a mutual consent of the parties." The superior court further held that there was "nothing in the evidence . . . to show that [appellee] and [appellant] ever came to a meeting of the minds regarding the terms of his resignation. . . . Thus, the parties were left with their written contract which [appellant subsequently] elected to terminate." Appellant applied to this court for a discretionary appeal from the order of the superior court holding that appellee had not voluntarily resigned but had been terminated from his employment. Appellant's application was granted and this appeal results.

In reviewing the sufficiency of the evidence to authorize a decision of an administrative agency, a superior court, as well as this court, is bound by the "any evidence" rule. See *Miller Brewing Co. v. Carlson*, 162 Ga. App. 94 (290 SE2d 200) (1982); *Moore v. Tanner*, supra. Accordingly, the sole issue for resolution is whether there was "any evidence" to support the administrative finding that appellee

had voluntarily resigned his employment "without good cause."

Under the evidence, appellee, for personal reasons, confronted his superior and informed her that he felt he could no longer operate effectively in his employment. Being of the opinion that "it was best that [he] resign rather than get fired," appellee informed his superior that he would sign a letter of resignation if she would type it. It was appellee rather than his superior who first used the word "resignation" and it was appellee's acknowledged intent that his resignation was to take effect "immediately." His superior agreed to type a resignation letter and, at her express direction, appellee then began to remove all of his personal belongings from the work place. Appellee subsequently refused to sign the letter of resignation. He did not refuse to do so because he no longer wished to resign immediately. He did so only because of a disagreement with his superior over the amount of compensation that he would be paid for his past services to the date of his resignation. Appellee left work without signing the resignation letter. When appellee reported for work the next day, he was told that his employment with appellant had been terminated.

Mutual consent of the parties is not always necessary to effect a resignation. "[A] resignation may become effective without . . . acceptance [by a higher authority], and even impliedly, as by abandonment of all duties and work. [Cits.]" *Young v. Minton*, 49 Ga. App. 545 (176 SE 662) (1934). The evidence in this case would authorize a finding that appellee had made his own *unilateral* decision to resign from his employment, which resignation was to be *unconditional* and effective *immediately* upon the verbal conveyance of his unilateral decision to his superior. The evidence would not *demand* a finding that appellee's oral pronouncements were his mere tentative "offer" to resign and that it was only upon his subsequent submission of a formal letter of resignation and appellant's acceptance thereof that a resignation of his employment would be accomplished. Although appellee apparently had a written contract of employment, there is no evidence that, under its provisions, he did not have the right to effect his own voluntary and unilateral oral resignation or that appellant did not have the right to consider appellee as having effectively resigned his employment unless and until it had accepted a written letter submitted by him. *Allen v. Lankford*, 170 Ga. App. 605 (317 SE2d 645) (1984) is not authority for the proposition that an immediate resignation cannot be accomplished by an employee's oral conveyance of his unilateral decision to do so but requires a formal offer and acceptance. On its facts, that case involved neither an oral nor a unilateral resignation. The *only* evidence of the employee's resignation in *Allen* was in the form of her submission of a formal letter which was to the effect that she "wish[ed] to resign" but which apparently gave no specific date for her doing so. Under those circumstances and because the

employee was a tenured public school teacher, it was held that such a written letter of resignation could be withdrawn at any time prior to its formal acceptance by the school board.

Moreover, even assuming that the evidence did demand a finding that appellee had merely made an oral offer to resign, the evidence would nevertheless authorize a finding that appellee's supervisor had construed that offer as one for appellee's unconditional and immediate resignation, which offer she had then immediately accepted. Her response to appellee's pronouncement of his resignation was to direct him to remove all of his personal belongings from the premises forthwith rather than to wait until he could sign a formal letter of resignation. The evidence would also authorize a finding that appellee had acquiesced in this construction of his offer as one for his unconditional and immediate resignation. He complied with his superior's direction by beginning to remove his belongings rather than insisting upon waiting until his resignation could be formalized in writing. Accordingly, notwithstanding any evidence of a subjective and unexpressed intent on the part of appellee that he was offering to resign only upon the condition that appellant agreed that his resignation would entitle him to the receipt of additional accrued compensation for his services to date, the evidence would authorize a finding that a contract had nevertheless resulted from appellant's acceptance of appellee's original oral offer of his unconditional and immediate resignation. See generally *Consolidated Freightways Corp. v. Williams*, 139 Ga. App. 302, 303 (1a) (228 SE2d 230) (1976). " '[T]he intention of the parties may differ among themselves; in such cases the meaning placed on the contract by one party and known to be thus understood by the other party shall be held as the true meaning.' " *Reeves v. Daniel*, 143 Ga. 569 (2) (85 SE 756) (1915).

If appellee's resignation was already an accomplished fact, whether by virtue of his unilateral act of tendering it or by virtue of appellee's acceptance of his unconditional offer, then appellee's subsequent refusal to sign the letter of resignation and his subsequent attempt to return to work would be immaterial. He could bring suit to enforce his claim that appellant was denying him the compensation allegedly owed to him upon his resignation but he could not, by his subsequent actions, negate the effect of his previously accomplished resignation. Likewise, if appellee had already resigned, appellant's subsequent act of advising him that his employment was terminated would be immaterial. The evidence would authorize a finding that appellant had so advised appellee only after he refused to acknowledge that he had already resigned. Any attempt to terminate the employment of one who has already resigned would be superfluous.

The administrative hearing officer concluded, following an evidentiary hearing, that appellee had voluntarily resigned from his em-

ployment without good cause. That decision was affirmed on administrative appeal. The decision was supported by some evidence and, in the absence of fraud, the superior court was bound to accept it. OCGA § 34-8-176 (b). Accordingly, the order of the superior court must be reversed.

*Judgment reversed. Birdsong, C. J., McMurray, P. J., Banke, P. J., and Beasley, J., concur. Deen, P. J., Sognier, Pope and Benham, JJ., dissent.*

BENHAM, Judge, dissenting.

Because I cannot agree with the majority's conclusion that appellee voluntarily resigned his position without good cause and is therefore disqualified from receiving unemployment benefits, I must respectfully dissent.

This case arose out of a dispute involving appellee's teaching contract. Appellee filed an application for unemployment benefits. The application was granted, appellee was awarded benefits, and Bulloch Academy filed an appeal. At the hearing on that appeal, the administrative hearing officer rendered a decision in favor of Bulloch Academy. On appeal by appellee, the Board of Review of the Department of Labor affirmed the administrative officer's decision with one dissent. Appellee filed an appeal from that decision to the Superior Court of Bulloch County, which reversed the decision of the board of review, stating that it could find no evidence to support the board's findings. This appeal was brought from that ruling.

A brief recitation of the facts is necessary to put the issues in proper perspective. During a disagreement between appellee and the headmistress over the dismissal of his assistant, appellee offered to resign if the headmistress would type a letter of resignation. The headmistress offered to prepare the letter and ordered appellee to remove his personal effects from the premises. In compliance therewith, appellee removed his effects from the premises. A disagreement later ensued between appellee and the headmistress over the amount of pay appellee was due on the remainder of his contract, and appellee did not sign the letter of resignation. He left the premises to resolve the contract dispute with the headmistress' superior but returned to work the next day, at which time he was informed by the headmistress that he had been discharged.

The majority concludes that appellee effectively resigned by making a unilateral decision to resign which was unconditional and effective immediately when it was verbally conveyed to his superior. That holding is based upon *Young v. Minton*, 49 Ga. App. 545 (176 SE 662) (1934), which states: "[A] resignation may become effective without such acceptance and even impliedly, as by abandonment of all duties and work."

*Young* is a 1934 case and should be limited to its particular facts and to the era in which it was decided. It was decided during the throes of the depression at a time when employees had very few rights. Since the *Young* decision, however, the Employment Security Law and other public welfare laws have been passed. The facts of this case must be viewed in light of the purposes and policies behind these new laws. The Employment Security Law was passed to carry out the public policy of providing economic security to displaced employees.

1. The first issue to be decided here is whether the employee effectively resigned his position. A resignation, to be effective, must be made with the intention of relinquishing the office accompanied by the act of relinquishment. *Patten v. Miller*, 190 Ga. 123, 141 (8 SE2d 757) (1940). To constitute a resignation, it must be unconditional and be made with the intent to operate immediately as such. *Poland v. Glover*, 111 FSupp. 675 (W. D. New York) (1953).

By application of the rules stated above to the facts of this case, it can be seen that appellee never effectively resigned his position. Appellee merely offered to resign at sometime in the future; therefore, his actions did not constitute a formal renouncement or relinquishment of his position. The resignation here contained a condition precedent: appellee offered to resign "if the headmistress would type a letter of resignation." His offer to resign was not intended to operate immediately but was to be effective when a letter of resignation was typed and signed. Since the condition precedent was not satisfied, no resignation took place.

Contrary to the majority's assertion that *Allen v. Lankford*, 170 Ga. App. 605 (317 SE2d 645) (1984), is not authority for the proposition that an immediate resignation cannot be accomplished by an employee's oral conveyance of his unilateral decision to do so but requires a formal offer and acceptance, I believe it is indistinguishable and controlling on the issue in this case. *Allen v. Lankford,* is a 1984 case which, although not involving the Employment Security Law, is consistent with the purposes and principles of that law. Allen, a public school teacher, submitted a letter of resignation which read, "I wish to resign my position," but later withdrew the letter before the board of education accepted it. The court found that "[a] teacher having tendered a written resignation to his principal or superintendent, may regard it as ineffective and withdraw it until it is accepted by the board of education." Id. at 606. The majority bases its distinction of the *Allen* case on the language contained in the letter of resignation; however, this factor was not considered in the decision of that case and is therefore not a valid distinguishing factor. Since appellee withdrew his offer to resign before it was accepted by Bulloch Academy, I can find no evidence that an effective resignation took place.

2. Finally, we must consider whether appellee abandoned his du-

ties, which would effectively terminate his employment. " 'In order to constitute an abandonment of an office, it must be total and under such circumstances as clearly to indicate an absolute relinquishment.' " *Patten v. Miller*, supra at 139. Whether appellee left with his superior's permission is in dispute; however, it is uncontested that appellee left in order to resolve a dispute concerning his contract and that he did report to work as usual the next day. Under the circumstances, appellee's acts are not evidence that he intended to totally relinquish his position. By application of the above rule to the facts of the present case, I can find no evidence that appellee's acts constituted an abandonment of his employment.

Since no effective resignation took place and appellee did not abandon his duties in such a manner as to terminate his own employment, appellee is entitled to unemployment compensation and the decision of the superior court should be affirmed.

I am authorized to state that Judge Pope joins in this dissent.

DECIDED JULY 15, 1987 —
REHEARING DENIED JULY 31, 1987 —

*J. Michael Hall*, for appellant.
*Fletcher Farrington, Michael J. Bowers, Attorney General, Annette M. Cowart, Senior Attorney*, for appellee.