## 75351. GREEN v. TANNER et al.
(368 SE2d 162)

CARLEY, Judge.
Following the termination of his employment with Coastal Land

Clearing Company (Coastal), appellant, contending that he had been fired, filed a claim for unemployment compensation. Although appellant was initially awarded unemployment compensation, Coastal appealed the award, claiming that appellant had quit. A hearing was held and the administrative hearing officer denied benefits after finding that appellant had quit without good cause. After the hearing officer's decision was affirmed by both the Board of Review of the Department of Labor and the Superior Court of Chatham County, we granted appellant's application for a discretionary appeal pursuant to OCGA § 5-6-35 (a) (1).

1. The superior court's affirmance of the administrative determination that appellant had voluntarily quit his employment without good cause is enumerated as error. The contention is that the administrative determination has no evidentiary support. "In any judicial proceeding [reviewing final decisions of the Board of Review], the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." OCGA § 34-8-176 (b). Neither the superior court nor this court is authorized to reanalyze and weigh the evidence and, based upon that reanalysis and reevaluation, to substitute new factual findings for those of the administrative trior of fact. Our review of the record in its entirety clearly reveals that the administrative determination that appellant voluntarily quit his employment without good cause was supported by probative evidence and that, therefore, the superior court correctly affirmed. Under the proper standard of review for findings of fact, which standard is the "any evidence rule," we must do likewise and affirm the superior court. See *Phillips v. Caldwell*, 144 Ga. App. 376 (241 SE2d 278) (1977); *Barnes v. Caldwell*, 139 Ga. App. 384 (228 SE2d 325) (1976).

2. Appellant urges that an improper standard of proof was used in determining his eligibility for unemployment compensation. "We do not reach appellant's further assertion that the improper standard of proof was employed in reaching the conclusion that he was disqualified from unemployment benefits. From the record, it appears that this assertion was not raised at the appropriate times. [Cit.]" *Moore v. Tanner*, 172 Ga. App. 792, 793 (2) (324 SE2d 772) (1984). Accordingly, this enumeration is without merit.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Sognier, Pope and Beasley, JJ., concur. McMurray, P. J., Banke, P. J., and Benham, J., dissent.*

BENHAM, Judge, dissenting.

I concur with the majority in Division 2, in which it declines to reach appellant's assertion that the improper standard of proof was

used to reach the conclusion that he was disqualified from receiving unemployment benefits. However, I dissent from the conclusion in Division 1 that the administrative determination that appellant voluntarily quit his employment without good cause was supported by probative evidence. While I agree that there is evidence to support the finding that appellant quit his employment, I do not agree that there is any evidence to support the finding that appellant did so *with good cause*. The burden is on the employer urging the disqualification to show by a preponderance of the evidence that the applicant for compensation comes within an exception such that the applicant is not entitled to benefits. *Millen v. Caldwell*, 253 Ga. 112, 113 (317 SE2d 818) (1984); *Dalton Brick &c. Co. v. Huiet*, 102 Ga. App. 221 (2) (115 SE2d 748) (1960). Therefore, Coastal was required to show that appellant did not have good cause to quit rather than appellant being required to show that he did. My review of the record shows that appellant was initially hired as a truck driver but, due to injuries suffered by other workers, he was required to drive the truck and a bulldozer, load and unload the vehicles, and operate a chainsaw. According to the employer, appellant was essentially doing everybody else's job while they were gone. The employer had promised appellant that he would be paid an additional $30 per week for operating the bulldozer, and appellant testified that although he had been operating the bulldozer for two months while the usual operator was out, he was only paid the additional money for one week. The employer did not refute the fact that appellant had been operating the bulldozer for two months, but did confirm that he had only been paid $30 extra, and that he did not intend to pay him any more "for driving a truck." Furthermore, he admitted having had a conversation with appellant during which appellant seemed unhappy, and he knew that there had been pay disputes between appellant and the foreman concerning the additional money. In the last such discussion, the foreman allegedly had relayed the employer's position regarding appellant's pay, and, according to appellant, had cursed appellant in front of others. The foreman did not appear to testify at the hearing.

The administrative hearing officer held that appellant voluntarily quit his employment "without good cause in connection with the work as is usually construed in Georgia Unemployment Insurance matters." The only reason given for this determination is that the claimant failed to request "a conference with the employer to explain his position and to ask for remedial action." Under the circumstances I do not find this to be a sufficient basis for the decision reached, since the employer knew of appellant's concerns and had made his position clear on that issue, thus leaving appellant with the choice of either continuing to work without receiving the compensation as promised, or not continuing to work. It is my opinion that a reasonable person

would not continue to work knowing that he was not going to be paid the payment initially promised. Since there was evidence that appellant had good cause to quit his employment and the employer failed to refute that evidence or otherwise meet its burden of proof, I believe the superior court erred in affirming the denial of unemployment compensation. I would reverse the superior court's judgment.

I am authorized to state that Presiding Judge Banke joins in this dissent.

DECIDED MARCH 17, 1988 —
REHEARING DENIED APRIL 1, 1988 —

*Murphy A. Cooper III*, for appellant.

*Michael J. Bowers, Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Annette M. Cowart, Staff Assistant Attorney General*, for appellees.