## S91A1438. SMITH et al. v. MILLER et al.
(407 SE2d 727)

FULLER, Judge.

### Procedural Background

Appellant George T. Smith is the Presiding Justice of the Supreme Court of Georgia. Appellant Harold Banke is a Presiding Judge of the Georgia Court of Appeals. The defendants are Georgia's gover-

---

nor, the Employees' Retirement System of Georgia ("ERS") and its directors and trustees.

The appellants challenge ERS' interpretation of the provisions of OCGA § 42-2-244 (c) concerning the age at which each appellant must retire. The trial court denied the appellants' complaint for injunctive relief and found that the appellants had waived constitutional challenges to the questioned statute.

After each of the seated justices of the Supreme Court of Georgia declined to participate, the three current officers and the four immediate past presidents of the Council of Superior Court Judges of Georgia were designated to hear and dispose of all matters raised by this appeal.

On August 5, 1991, the appellants moved this court for extraordinary injunctive relief. They asserted that, absent such relief, the appeal would become moot as to Judge Banke at midnight on August 8, 1991. The issues presented by the request for injunctive relief were briefed by all parties.

On August 6, 1991, this court considered the appellants' motion for extraordinary relief and the appellees' response. With the consent of the parties, the court enjoined the governor from accepting resignations from either appellant until further order.[1] The parties and the court agreed to an expedited resolution of all issues presented by this appeal. On August 14, 1991, oral argument was held and the case submitted to this court for final adjudication.

The court has received and considered amicus curiae briefs on behalf of the Georgia Trial Lawyers Association and the Georgia Association of Criminal Defense Lawyers. The assistance of these organizations is appreciated. As amici correctly note, this case involves questions of considerable public importance.

As do amici and thousands of other Georgians, the members of this court have enormous respect for both Justice Smith and Judge Banke. All Georgians are indebted to them for their service. No one knows this better than trial judges.

Justice Smith has served ably in all three branches of our state government, including, in the judiciary, service on both appellate courts. Judge Banke was an able and distinguished trial judge prior to his dedicated service on the Court of Appeals.

No one has suggested that either appellant is not fully capable, physically, mentally and in all other ways, of completing his current term.

This case is not about personal qualities, personalities or politics.

---

[1] OCGA § 45-5-1 (a) (2) provides that state offices are vacated by resignation, when accepted.

Similarly beyond the scope of our inquiry is whether it is wise public policy to encourage experienced jurists to retire.

## The Facts

The facts are relatively simple and are not in dispute.

Each appellant participates in a retirement system open to many state employees. But, as a member of the appellate judiciary, each has certain retirement options not available to other employees. These options provide incentives for early retirement.

OCGA § 47-2-244 provides in part as follows:

(b) . . . any appellate court judge shall be entitled to receive the benefits under this Code section in lieu of any retirement allowances otherwise available under this retirement system and in lieu of the appointment to or the holding of any emeritus office.

(c) Any appellate court judge who seeks benefits under this Code section shall tender to the board of trustees before January 1, 1972, or within 60 days after the commencement of such judge's term of office, whichever shall occur later, a written notice stating that the judge has elected to accept such benefits in lieu of any retirement allowances otherwise available under this retirement system and in lieu of the appointment to and the holding of any emeritus office. The notice shall state that in consideration of the payment of benefits under this Code section, such appellate court judge shall resign from office as an appellate court judge on or before the day upon which he or she attains 75 years of age or on the last day of the term in which such appellate court judge is serving when he or she attains age 70, whichever is later. Any notice filed prior to July 1, 1986, by an appellate court judge in active service on such date which contained an agreement to resign on or before such judge's seventieth birthday shall be void and of no force and effect if such judge files a new notice containing an agreement to resign as provided in this subsection and such notice is filed on or before September 1, 1986.

For appellate judges who elect to be bound by these provisions,[2] benefits are more favorable than otherwise would be provided under

---

[2] All current justices of the Supreme Court of Georgia and all current judges of the Georgia Court of Appeals have elected to participate in the enhanced benefits program.

Georgia law. But these benefits come with a price. A judge who has elected to receive them must resign on or before the 75th birthday, or the last day of the term during which the judge passes age 70, whichever is later. Otherwise the judge is not entitled to *any* benefits *and* forfeits both the judge's and the state's contributions. OCGA § 47-2-244 (1). A 1986 Code amendment raised the retirement age from 70 to the current 75.

Both before and after the 1986 amendment, Justice Smith and Judge Banke each opted to participate in the enhanced benefits program. Justice Smith's initial selection of this program occurred in 1976; Judge Banke's, in 1977. The 1986 amendment allowed these commitments to be replaced by new notices filed prior to September 1, 1986.

By letter of May 27, 1986, Justice Smith notified the ERS Board of Trustees that he "accepted" the benefits provided by OCGA § 47-2-244. He expressed an understanding that these benefits were in lieu of any other retirement benefits under the retirement system and any emeritus status.

Justice Smith further acknowledged his understanding that in order to receive these benefits ". . . I shall resign from office as an appellate court judge on or before the day upon which I attain the age of 75 years."

Judge Banke made similar elections and commitments, as evidenced by correspondence in May and August of 1986.

Judge Banke passed his 75th birthday, August 8, 1991; Justice Smith becomes 75 on October 15, 1991. Each appellant passed 70 prior to January 1, 1987, the commencement of his current six-year term.

Each appellant desires to complete the current term, then retire. He should be permitted to do so, each argues, because the "whichever is later" language of OCGA § 47-2-244 (c), entitles him to serve until the last day of his current term.

The appellants further argue that, even if their interpretation of the "whichever is later" language is incorrect, the trial court erred in finding that the appellants' participation in the enhanced benefits program constituted a waiver of the right to pose constitutional challenges. They assert further that the provisions of OCGA § 47-2-244 are unconstitutional to the extent that they require either appellant to resign prior to December 31, 1992 in order to obtain retirement benefits and avoid forfeiture.

## Issues

1. The trial court found the statute to be "plain, simple, (and) unambiguous. . . ." This court agrees. Each appellant attained 70 in

a previous term; for each, the 75th birthday is a later date than the last day of the term in which he attained age 70. Therefore, unless the statute is for some other reason unenforceable, each appellant must resign on or before his 75th birthday, if he is to avoid the statutory penalties. For Justice Smith this will be October 15, 1991; for Judge Banke, it was August 8, 1991.[3]

2. The trial court found that the appellants' signing of the documents and participation in the plan constituted a waiver. Again, we agree.

The appellants draw attention to a 1984 decision of this court, *State of Ga. v. McMillan*, 253 Ga. 152 (319 SE2d 1) (1984). They argue that *McMillan*, and cases cited in that opinion, establish conclusively that "voluntary participation in a retirement plan does not constitute a waiver of a participant's right to challenge the constitutionality of the plan." The *McMillan* court in "declining" to find a waiver found that "[t]hese judges, by voluntarily becoming judges, cannot be said to have waived the right to assert constitutional rights upon retirement." Id. at 163.

The instant case is clearly and easily distinguished from *McMillan*. In *McMillan*, judges had no option; as judges, each was required to participate in one plan, with one set of benefits.

By contrast, in the instant case neither judge was required to elect the enhanced benefits package, although powerful financial incentives encouraged him to do so. Each could have refused these benefits; under those circumstances he would have retained the ability to participate in the plan available to many other state employees. Whether that plan would be appropriate for the appellate judiciary is not determinative of any issue in this case.

Each appellant made a choice, conscious and deliberate. As noted above, prior to his last election each signed and filed documents acknowledging the Code requirements and his willingness to comply. There were no such documents in *McMillan*; in that case, there were no specific waivers.

The trial court's finding that the appellants in this case waived their rights to pose constitutional challenges was correct.

For this reason, it is unnecessary for the court to address other issues raised in oral argument or in briefs.

The judgment of the trial court is affirmed. The injunction issued August 6, 1991 is dissolved. The Governor may accept the resignation of Judge Banke if and when he desires to do so; he may take the same action as to Justice Smith's resignation if submitted. As noted above,

---

[3] Judge Banke resigned on August 8, 1991. As noted above such resignation was not then effective because the court enjoined Governor Miller from accepting the resignation.

neither resignation is effective absent acceptance.

*Judgment affirmed. Judge Carol W. Hunstein, Judge Robert G. Walther, Judge Hugh P. Thompson, Judge Thomas D. Wilcox, Jr., and Judge A. Blenn Taylor concur; Judge Perry Brannen, Jr., concurs specially; Clarke, C. J., Weltner, Bell, Hunt, Benham and Fletcher, JJ., not participating. Smith, P. J., disqualified.*

BRANNEN, Judge, concurring specially.

If the provision requiring resignation during a term in order to retain retirement benefits violates the six-year term provision of Georgia Constitution, Art. VI, Sec. VII, Par. I, the provision which limits term of service to the end of the term in which a judge reaches age 70 definitely does not violate the Constitution. Therefore, if the provision requiring age 75 retirement is stricken, as requested, appellants have already forfeited their retirement benefits since they have served beyond the term in which they reached age 70. Appellants must rely on the validity of the provision allowing service to 75 in order to maintain their claim to retirement benefits.

I would hold that there has been a valid, written waiver of any objection to the age 75 provision, its constitutionality may not be challenged and this provision allows appellants to serve until age 75 and still retain their retirement benefits.

DECIDED SEPTEMBER 4, 1991 —
RECONSIDERATION DENIED SEPTEMBER 23, 1991.

*Lokey & Bowden, Hamilton Lokey, Davis, Gregory & Christy, Hardy Gregory, Jr., Blasingame, Burch, Garrard & Bryant, J. Ralph Beaird,* for appellants.

*Michael J. Bowers, Attorney General, Jeffrey L. Milsteen, Susan L. Rutherford, Assistant Attorneys General,* for appellees.

*Martin Brothers, John R. Martin, Garland & Samuel, Donald F. Samuel, Cook & Palmour, Bobby Lee Cook, Lynne Y. Borsuk, William S. Stone, Elizabeth F. Bunce, William Q. Bird, Laura J. Tromley,* amici curiae.