A94A1241. HENRY COUNTY BOARD OF REGISTRARS et al. v. FARMER.
(444 SE2d 877)

JOHNSON, Judge.

Brenda Farmer was appointed to the Henry County Board of Registrars by the chief judge of Henry County Superior Court. On October 22, 1992, Farmer addressed a letter "To Whom It May Concern" in which she stated that she was resigning from her post effective immediately. The letter was delivered to Betty Latimer, the chief registrar. Farmer later telephoned Latimer, offering to apologize and asking to rescind her resignation. Latimer told her that she had already been administratively terminated and nothing could be done to reinstate her. Farmer also attempted to rescind her resignation in writing one week later. Eventually, Farmer filed this action seeking reinstatement and back pay, claiming that the October 22 resignation was ineffective because it was not directed to and was not accepted by a judge of the superior court of the county as required by OCGA § 21-2-211. During the pendency of the litigation, Farmer's term of office expired, rendering the issue of reinstatement moot and limiting the action to one for back pay.

Following a bench trial, in which the above facts were not in dispute, the trial court concluded that OCGA § 21-2-211 requires that the chief judge accept the resignation of a registrar and that the Code does not authorize delegation of that duty to the chief registrar. Therefore, the resignation was ineffective and Farmer was awarded back pay.

1. Henry County first asserts that the trial court erred in concluding that the resignation of a member of the County Board of Registrars must be accepted by the chief judge to be effective. The language at issue in OCGA § 21-2-211 provides that any registrar may resign at any time by submitting a resignation to the judge of the superior court in each county or the senior judge in time of service in those counties having more than one judge. Henry County argues that the statute requires only the submission of a resignation, and that Latimer forwarded Farmer's resignation to the judge, thereby satisfying the requirements of the statute. We disagree. Henry County urges a selectively strict reading of the statute. It asks us to strictly construe that portion of the statute which requires only that a resignation be submitted, not accepted. But, it would ignore the rest of the sentence which requires that the resignation be submitted to the judge who appointed the registrar. It argues that submission to any-

one who then forwards it to the judge satisfies the statute.

While this precise issue involving county registrars has not previously been addressed by the appellate courts in Georgia, we find it instructive to review OCGA § 21-2-211 in light of OCGA § 45-5-1 (a) (2) which states that all offices in the state shall be vacated by resignation, when accepted. Prior to acceptance, the resignation is ineffective. See *Smith v. Miller*, 261 Ga. 560, 561 (407 SE2d 727) (1991). This court recognized that a teacher's resignation prior to its acceptance by the board of education may be rescinded. *Allen v. Lankford*, 170 Ga. App. 605, 606 (317 SE2d 645) (1984). Henry County has not provided this court with any authority, other than its narrow reading of the statute, in support of its position that the mere submission of a resignation to someone not authorized to accept it will render a resignation irrevocable. Even though there was evidence that Latimer had forwarded the letter of October 22 to the chief judge, there was no evidence that the letter was either received or accepted. Giving the statute its reasonable intendment, as well as reading it in conjunction with the authorities cited above, we conclude that the trial court's finding that the resignation was not effective until accepted was not clearly erroneous, and will not be disturbed.

2. Having found that Farmer's purported resignation of October 22, 1993 was ineffective, we need not reach Henry County's second allegation of error.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED JUNE 9, 1994.

*Blount & Cash, Ernest D. Blount, Martin C. Jones*, for appellants.

*Harrison & Harrison, Stephen P. Harrison*, for appellee.