ATKINS *v.* MANNING, Solicitor-General.

No. 16826. OCTOBER 11, 1949. REHEARING DENIED NOVEMBER 18, 1949.

*Willingham, Cheney, Hicks & Edwards* and *John W. Nesbitt,* for plaintiff in error.

*James T. Manning, Solicitor-General,* contra.

DUCKWORTH, Chief Justice.    (After stating the foregoing facts.)    Since a determination of the validity of Rules 301 and 920, promulgated by the State Revenue Commissioner, will be decisive in this case, we proceed at once to a consideration and decision on that question.    The legislative act here involved (Ga. L., 1937-38, Ex. Sess., pp. 103, 108; Code, Ann. Supp., § 58-1022) makes the State Revenue Commissioner the administrator of the law, and empowers him to promulgate rules to effectuate its administration and enforcement.    But the rules must not be inconsistent with the legislative act or any State or Federal law, and are to be designed for the proper control of the "manufacture, sale, distribution, storage, or transportation of distilled spirits and alcohol."    The law further provides that the violation of any such rule and regulation issued by the commissioner, under authority of law and in accord with its provisions, constitutes a misdemeanor and is punishable as such.    Ga. L., 1937-38, Ex. Sess., pp. 103, 121 (Code, Ann. Supp., § 58-1069).

The rule here assailed relates to the transportation of distilled spirits and alcohol, and requires that shipment thereof from another State through any part of this State to a destination in another State must be by common carrier only, and must be accompanied by invoice or bill of lading showing that the shipment·is made by a shipper duly licensed and authorized to make such shipment by the laws of the United States and the laws of

the State from which the shipment is made, and that the shipment is made to one licensed and authorized by the laws of the United States and the State to receive such shipment. The rules further provide that any violation of the same is a misdemeanor as provided by the statute. While the Revenue Commissioner would be without authority to make any act a crime, yet here, the statute makes a violation of the rules a misdemeanor, and the rule in question merely repeats that part of the statute. This will not invalidate the other rule here assailed.

In view of the provisions of the law and its expressed purpose to control all traffic or trade in liquor therein defined, the rules and regulations of the commissioner come clearly within permissible legislative authorization. They obviously aid those charged with enforcing the law in preventing violation by subterfuge or evasion. Since, as just held, the regulation is within the scope of the legislative enactment, and is an effective means of enforcing and administering the law, it has the force and effect of law. *Knight* v. *Wingate*, 205 *Ga.* 133 (52 S. E. 2d, 604).

But the objection to the introduction of these rules as evidence was upon two grounds: (a) That it was legislation in violation of the State Constitution, which reposes that power in the General Assembly. Code (Ann.), § 2-1301. The foregoing ruling rejects this ground of objection. (b) That it offends the commerce clause of the Federal Constitution, art. 1, sec. 8, par. 3 (Code, § 1-125, par. 3). This ground of objection should also be rejected: first, because the twenty-first amendment removes spirituous liquors and alcohol from the protection of the commerce clause to the extent necessary to allow the States to adopt and enforce appropriate laws and regulations dealing with the subject, and thus to burden interstate commerce to this extent. Carter *v.* Virginia, 321 U. S. 131, 139 (64 Sup. Ct. 464, 88 L. ed. 605); United States *v.* Frankfurt Distilleries, 324 U. S. 293 (5) (65 Sup. Ct. 661, 89 L. ed. 951); and second, even in the absence of any protection under the twenty-first amendment, the sovereign States in the exercise of their reserve police power may, without offending the commerce clause, adopt and enforce necessary laws and regulations to effectuate their own protection against illegal traffic and trade in such liquors. Carter *v.* Virginia, supra; Duckworth *v.* Arkansas, 314 U. S. 390 (62 Sup. Ct. 311, 86 L. ed. 294, 138 A. L. R. 1144).

From what has been said, it must follow that the court did not err in admitting in evidence the rules and regulations of the commissioner over the objection made. The evidence before the court was that the vehicle in question was at the time of its seizure being used for the transportation of whisky in violation of valid rules of the Revenue Commissioner. Under Code (Ann. Supp.), § 58-207, a verdict was demanded, subjecting the vehicle to condemnation as prayed. It is not necessary to make any ruling on other questions raised by the plaintiff in error.

*Judgment affirmed. All the Justices concur, except Head, J., disqualified.*