213 Ga. 514 (1957)
100 S.E.2d 183
GEORGIA PUBLIC SERVICE COMMISSION et al.
v.
JONES TRANSPORTATION, INC., et al. and vice versa.
19775, 19784.
Supreme Court of Georgia.
Argued July 9, 1957.
Decided September 7, 1957.
Rehearing Denied October 11, 1957.
Eugene Cook, Attorney-General, E. Freeman Leverett, Robert H. Hall, Assistant Attorneys-General, Allen Post, Deputy Assistant Attorney-General, E. W. Moise, R. J. Reynolds, Jr., J. William Gibson, for plaintiffs in error.
Wm. G. Grant, James L. Flemister, Frank M. Gleason, W. E. Rountree, contra.
CANDLER, Justice.
On December 19, 1956, Jones Transportation, Inc., filed an equitable suit in the Superior Court of Fulton County against Georgia Public Service Commission, its five members, both in their individual and official capacities, and several named common carriers; but from the latter no relief was sought. So far as need be stated, the amended petition shows the following facts: On December 13, 1938, the defendant Commission issued to C. M. Jones of Swainsboro, Georgia, a Class B certificate of public convenience and necessity. By permission of the defendant Commission, C. M. Jones transferred his certificate to Jones Transportation, Inc.; and a Class B certificate of public convenience and necessity, which the Commission issued to the transferee on May 9, 1955, authorized it to transport property, as therein limited, between all points in Georgia over no fixed route in accordance with the rules and regulations of the Commission and the Georgia Motor Common Carrier Act of 1931. On September 25, 1956, the defendant Commission notified Jones Transportation, Inc., in writing to show cause at a designated place and at a fixed time why its certificate should not be revoked: (1) for its failure and refusal to file monthly reports showing its revenues and expenses and an annual report thereof for 1955 as required by rule 86 (a) and rule 87 (a) of the Commission's General Motor Carrier Rules and Regulations issued October 1, 1954; (2) for its failure and refusal to furnish adequate service; and (3) why a continuation of the certificate in its original form was not incompatible with the public interest. Jones Transportation, Inc., responded to the notice and participated in the hearing, introducing much evidence. On the grounds for revocation stated in the notice, and for others, the Commission revoked the certificate and denied a motion for a rehearing. There are prayers that the Commission be temporarily and permanently enjoined from enforcing its revocation *515 judgment, and that it be set aside as being null and void. A copy of the entire proceeding before the Commission, including all the evidence heard by it, is attached to the amended petition as exhibits and by reference thereto made a part of such petition.
The Commission demurred generally to the amended petition on the ground that it failed to state a cause of action for any of the relief sought. It also answered the amended petition and denied that its judgment was null and void for any reason alleged, and by cross-action alleged that the plaintiff, notwithstanding the revocation of its certificate, was, as a carrier of property for hire, operating over the highways of Georgia, and that it should, under Code § 68-632, be enjoined from so doing, and there is a prayer therefor.
The trial judge overruled the Commission's general demurrer, granted the temporary injunction prayed for in the amended petition; and, on the cross-action, temporarily enjoined the plaintiff from transporting, without the written consent and approval of the Commission first being obtained, any property which it receives at a point located on the fixed route of another carrier and which is destined to a point located on the fixed route of another carrier, where either local or joint service is being operated between such points. Both parties excepted. The main bill of exceptions assigns error on the first two mentioned rulings, and the cross-bill assigns error on the one last mentioned. Held:
1. The Public Service Commission of this State has authority and power to adopt such rules and regulations within the scope of the legislative enactment, and as an effective means of enforcing Chapter 68 of the Code of 1933 respecting motor common carriers, and such rules and regulations have the same force and effect as that of a statute. Code § 68-629.
2. In this case the Commission issued to the plaintiff a Class B certificate of public convenience and necessity, which authorized it to transport property between all points in Georgia over no fixed route, but subject to all applicable rules and regulations of the Commission and the Motor Common Carriers Act of 1931 (Ga. L. 1931, p. 199); and there is no merit in the plaintiff's contention that its certificate is not limited or restricted in any way by any rule or regulation adopted by the Commission respecting the items of property it is authorized to transport under its Class B certificate or the routes over *516 which it can travel for the transportation of property. Its certificate was granted subject to all of the Commission's rules and regulations just as fully as if they had been therein written out.
3. Under the provisions of Code § 68-607, the Commission may, at any time after notice and opportunity to be heard and for reasonable cause, suspend, revoke, alter, or amend any certificate issued under the Motor Common Carriers Act of 1931, if it shall be made to appear that the holder thereof has wilfully violated or refused to observe any of the lawful and reasonable orders, rules, or regulations prescribed by the Commission, or any statute respecting motor common carriers, or any other law of this State, regulating and/or taxing motor vehicles, or if in the opinion of the Commission the holder of the certificate is not furnishing adequate service, or if a continuance of the certificate in its original form is incompatible with the public interests. As shown by the preceding statement of facts, the notice given in this case required the plaintiff to show cause why its certificate should not be revoked for three specified causes; but on the hearing the scope of the inquiry was broadened so as to include other causes. It is alleged in the amended petition, and the trial judge so held, that the Commission was limited on the hearing only to those causes for revocation actually specified in the notice given the plaintiff. In the circumstances of this case, we cannot agree with this. The amended petition shows that the plaintiff on the hearing before the Commission neither objected to the admission of evidence in proof of other causes for the revocation of its certificate nor moved for a continuance of the hearing for a sufficient length of time to enable it to prepare its defense to charges not specified in the notice. In 42 Am. Jur. 454, § 119, the author says: "Where a hearing [before an administrative body] is much broader in scope than specified in the notice, a party will, upon application be entitled to a continuance of sufficient length of time to enable him to prepare his defense. But where he elects to proceed with his defense, he waives the lack of notice." In Brahy v. Federal Radio Commission, 59 Fed. 2d 879, the record shows that Brahy filed an application with the Commission for a renewal of his broadcasting license. He was notified to show cause before the Commission why his application should not be rejected. The notice contained specific charges respecting *517 violations by him of the Commission's rules and regulations. On the hearing the examiner heard and considered evidence as to them and as to others and found against the applicant on all of them. The court held (p. 880): "An applicant . . . ought not to be compelled to incur the expense of producing witnesses at a hearing to meet possible or imaginary charges. He is entitled to reasonable notice of the specific issues to be determined at the hearing. But in the present case appellant elected to proceed with his defense, thereby waiving the lack of notice." There it was also held that, since the hearing was much broader in scope than the one called for by the notice, the appellant, had he applied for it, would have been entitled to a continuance for a length of time sufficient to enable him to prepare his defense. Here, as there, the plaintiff elected to proceed with its defense without asking for a continuance of the hearing for preparation of its defense, and it will not now be heard to complain in a court of equity because the scope of the hearing before the Commission was broadened so as to include charges other than those specified in the notice.
4. In the instant case, the amended petition clearly shows that the plaintiff violated the Commission's rules 86 (a) and 87 (a), which required it to file monthly reports and an annual report for 1955, showing its revenues and expenses; that it violated the provisions of Code (Ann.) §§ 68-201 and 68-202, which require the owner of a motor vehicle, trailer, or tractor operated over the highways of this State to register it with the State Revenue Commission and obtain a license for such operation on or before the first day of April in each year and pay the fee fixed therefor; and that it violated the Commission's rule 8, which limits and restricts the commodities which the holder of a Class B certificate can transport, and the routes over which such holder can travel while transporting property for hire. Respecting this last-mentioned violation, the amended petition shows that the plaintiff's president admitted that it had transported over the highways of this State 1,649,040 pounds of commodities not coming within the permissive provisions of Rule 8 and that it would continue to do so until stopped by the proper authorities. For these violations, if not for others shown by the record, the Public Service Commission was fully authorized to revoke the plaintiff's Class B certificate of public convenience and necessity; and since the revocation order in this case is not arbitrary or capricious, *518 but is based on proper findings of fact, neither this court nor the trial court has any right to substitute its judgment for that of the Commission. Georgia Public Service Com. v. Georgia Power Co., 182 Ga. 706, 715 (186 S. E. 839). Hence, the amended petition failed to state a cause of action for any of the relief sought, and it should have been dismissed on general demurrer. It was erroneous not to do so.
Reversed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur, except Duckworth, C. J., and Head, J., who dissent.