38149.   CROSS *et al.* v. BALKCOM *et al.*

Decided June 22, 1960—Rehearing denied July 12, 1960.

*Ray Y. Cross*, for plaintiffs in error.

*Frank O. Evans, Earle B. May, Jr., Assistant U.S. Attorney,* contra.

FELTON, Chief Judge. The facts are not in dispute, and the sole issue here involved is the correctness of the judgment of the superior court affirming the determination of the review committee that the 1958 changes in the allotment regulations were applicable to the reconstitution proceedings. A rule or regulation adopted by administrative officials under authority of and within the scope of legislative enactment, which is an effective means of enforcing and administering the law, has the force and effect of law. *Atkins v. Manning*, 206 Ga. 219, 221 (56 S. E. 2d 260). See also, *Georgia Pub. Svc. Comm. v. Jones Transp., Inc.*, 213 Ga. 514 (100 S. E. 2d 183) ; *Maner v. Dykes*, 55 Ga. App. 436, 440 (190 S. E. 189) ; *Rivers v. Dixie Broadcasting Corp.*, 88 Ga. App. 131, 141 (76 S. E. 2d 229). Accordingly, we may look to various rules of statutory interpretation in determining the effect of the subsequent changes in the regulations here involved.

"A statute is retroactive in its legal sense which creates a new obligation on transactions or considerations already past, or destroys or impairs vested rights. A statute does not operate retrospectively because it relates to antecedent facts, but if it is intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence, it is retroactive in character." *Murphey v. Murphey*, 215 Ga. 19, 22 (108 S. E. 2d 872) and cit.

Under these principles, since the 1958 changes in the allotment regulations have been applied so as to affect transactions which occurred or rights which accrued before they became operative, and ascribe to them essentially different effects, in view of the regulations at the time of their occurrence, they are retroactive in operation and must be judged accordingly. "As

a general practice, an administrative rule should not be amended so as to effect a retroactive change, and the rights of a person acquired before the amendment of a rule have been held determinable under the provisions of such rule prior to such amendment." 73 C. J. S. 432, "Public Administrative Bodies," § 109.

While it has been deemed necessary or desirable under certain circumstances to give retrospective effect to administrative regulations (see Davis on Administrative Law, § 5.08 et seq.), under the facts of this case we see no reason for departure from the general practice stated above. There is nothing to indicate that the 1958 changes in the regulations were intended to operate retroactively as to farms which had been consolidated for allotment purposes under the 1957 regulations. It is therefore the decision of this court that the rights of the plaintiffs to divide the allotment quotas of the farms in question upon reconstitution are determinable under the provisions of the regulations in effect at the time of the combination of said farms in 1957. The superior court erred in affirming the determination of the review committee that such regulations were not applicable in this instance.

*Judgment reversed. Townsend, Carlisle, Nichols, Bell and Frankum, JJ., concur. Gardner, P. J., dissents.*

GARDNER, Presiding Judge, dissenting. Regulations on farm commodities are changed from time to time. In this case the Lee County A. S. C. Committee used the directive of the Federal Government based on the act creating farm commodity allocations and applied such regulations to the commodity on the farm in question. The farm involved was sold February 11, 1958. On December 9, 1958, the Lee County A. S. C. Committee determined that the cropland method of division was applicable and made peanut allocations in accordance with this method. Since it is customary, and deemed essential for the purposes of the act, to change the regulations from time to time in regard to farm commodities, I cannot bring my mind to accept the position taken in the majority opinion that conforming to the regulations as they become effective constitutes a retroactive and illegal change. I see no reason why the com-

mittee should hang on to the 1957 regulations when the regulations had been changed in 1958. It is certainly my opinion that the act creating peanut allocations made the provision that the allotments could be changed from time to time, that the board was required to operate accordingly and change allocations in conformity with current administrative directives. The board's action was approved by the review committee of the county, and the Superior Court of Lee County affirmed the determination. After studying the laws applicable to peanut allocations, I am thoroughly convinced that the ruling of the Lee County A. S. C. Committee was correct, that such ruling was not retroactive, that the committee's ruling was correctly approved by the review committee, and that the Superior Court of Lee County did not err in affirming the findings of fact of the administrative tribunals.