38149.  CROSS *et al.* v. BALKCOM *et al.*

DECIDED FEBRUARY 20, 1961—ADHERED TO ON REHEARING
MARCH 13, 1961.

*Ray Y. Cross,* for plaintiffs in error.

*Frank O. Evans, U. S. Attorney, Truett Smith, Assistant U. S. Attorney,* contra.

FELTON, Chief Judge.   The Supreme Court in *Balkcom v. Cross,* 216 Ga. 530 (118 S. E. 2d 185) reversed the judgment of this court on the basis which this court gave as a reason for its judgment.   In compliance with the judgment of the Supreme Court, the judgment of reversal by this court based on the reasoning given in this court's opinion in *Cross v. Balkcom,* 102 Ga. App. 81 (115 S. E. 2d 783) is hereby vacated.   As we interpret the Supreme Court's decision, above cited, that court intended only to reverse the judgment of this court insofar as it was based on the reasons given by this court for its judgment, inasmuch as the court stated that it made no comment on the effect of the rules adopted in 1958 for the 1959 crop year.   Thus, it seems to us that the Supreme Court left the question to this court as to whether the lower court's judgment should be reversed for any

other reason than the one treated by this court in its original opinion and by the Supreme Court on certiorari.

Upon further consideration of the case we think that the judgment of the lower court should be reversed for another reason. The regulation of 1958, applicable to divisions in 1959 provides: "If the farm to be divided is the result of a combination which became effective during the 3-year period immediately prior to the current year and *consists* of individual tracts under separate ownership and the farm is being divided into two or more tracts, each such individual tract which is separated from the parent farm in whole or in part shall share in the allotments and allotment crop history acreages for the parent farm for the current year in the same proportion that each such individual tract contributed to the farm allotments for the year for which combined." Title 7, 719.1 et seq., Federal Register, Aug. 30, 1958, 23 F. R. 171, pp. 6731 et seq. It was uncontradicted in the evidence and the local committee so found that the land in question would be under the ownerships and would not be farmed by the same operator during the 1959 crop year. The Review Committee contends that Section 719.7 (a) of the Farm Constitution and Allotment Record Regulations requires a ruling different from that herein made. The section is as follows: "To the extent practicable all reconstitutions shall be based on facts and conditions existing at the time the change requiring the reconstitution occurred rather than on facts and conditions existing at the time the actual reconstitution action is taken by the county committee." We do not agree with this contention. The fact and condition which made the reconstitution necessary in this case was the fact that one of the tracts had been transferred to a different ownership and the above section does not require a different ruling in this case for the reason that the fact requiring the reconstitution was the same from the time the reconstitution became necessary and at the time of the action by the county committee. It therefore follows that the farm divided consisted of individual tracts under separate ownership and that each individual tract which was separated from the parent farm should share in the allotments for the current year on the contribution method and not the cropland method, and the Superior Court of

Lee County erred in affirming the review committee's action. Judgment of reversal is adhered to on rehearing.

*Judgment reversed. Townsend, P. J., Carlisle, Nichols, Bell, Frankum and Jordan, JJ., concur.*