66732. ALLEN v. CALDWELL et al.

SOGNIER, Judge.

Deborah Allen worked for the Claxton Manufacturing Company as a sewing machine operator from 1973 until 1981. On June 15, 1981, Allen suffered a facial stroke which kept her from work until July 13, 1981. She returned to work wearing an eye patch meant to protect the eye damaged in the stroke. Due to depth perception difficulties, she was unable to work satisfactorily with the eye patch and so she removed it. However, although she was now able to work, without the patch to protect it the damaged eye was susceptible to the cotton lint in Allen's work place. On two occasions her damaged eye became infected, thereby preventing her from working. She requested her employer to transfer her to another job which would take her out of the lint-filled environment, but no such job was available. Allen therefore voluntarily resigned her position informing her employer it was due to her medical disability. Her claim for unemployment compensation was denied by the claims examiner and the decision was affirmed by the administrative hearing officer, the Board of Review, and by the Superior Court of Evans County. We granted Allen's application for discretionary appeal.

Allen contends that the superior court erred by affirming the Board of Review's finding that she was disqualified from receiving unemployment compensation on the basis that she voluntarily quit her job without a good work-related cause. We agree. Both the administrative agency and the superior court based their decision to disqualify Allen on the ground that the facial stroke Allen suffered did not result from, was not connected with or caused by her employment. However, it is not necessary for us to determine whether Allen's facial stroke was caused by her employment since the

record shows that it was not the damage to the eye from the facial stroke which was the reason for Allen's resignation; instead, it was the damage to her eye from the presence of cotton lint in her work place which caused her to resign. Although the "any evidence" rule applies to findings of fact by the administrative tribunal, *Miller Brewing Co. v. Carlson,* 162 Ga. App. 94, 95 (290 SE2d 200) (1982), the record offers no evidence contrary to Allen's contention that she was physically unable to perform the only job available to her because of the aggravation of her damaged eye resulting from the lint-filled environment of her work. Polk v. State Dept. of Industrial Relations, 398 S2d 722 (Ala. 1981). Thus, undisputed evidence established that Allen's voluntary resignation resulted from a good work-related cause. Therefore, we reverse the trial court's judgment denying unemployment benefits on this basis.

However, since the record shows that no determination was made as to whether Allen fulfilled the further requirement of OCGA § 34-8-151 (Code Ann. § 54-609) that she be able, available and actively seeking employment, we reverse the trial court with direction that the cause be remanded to the Board of Review, Georgia Department of Labor, for further consideration of this issue.

*Judgment reversed and case remanded with direction. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 29, 1983.

*James F. Bass, Jr.,* for appellant.
*Susan L. Rutherford, Assistant Attorney General,* for appellee.