73015. DALLAS BLUE HAVEN POOLS, INC. v. TASLIMI.
(350 SE2d 265)

BIRDSONG, Presiding Judge.

The defendant below, Dallas Blue Haven Pools, Inc., appeals from the grant of summary judgment to the plaintiff, Fereydoun Taslimi. Taslimi filed this action seeking recovery for an alleged breach (by non-payment) of a promissory note in the amount of $25,000. Defendant answered and admitted execution of the note and non-payment of any interest payment, but alleged he had contracted with a corporation, Commons Limited, for construction of business premises, and there was a total or partial failure of consideration because of faulty workmanship and materials provided by Commons. Defendant contends Taslimi is the "successor in interest" to Commons. Plaintiff

filed a motion for summary judgment, but did not file for a rule nisi or for notice of motion requesting a hearing. See OCGA § 9-11-119. The motion for summary judgment was filed July 23, 1985. Plaintiff filed a brief and an affidavit in support. The affidavit contained sufficient facts to establish a prima facie case entitling plaintiff to judgment, unless controverted. Defendant obtained stipulations extending time within which to file a response, on two different occasions, to September 16, 1985. However, defendant never filed a response within the time agreed upon. Defendant's counsel obtained an order granting him a leave of absence from September 26 to October 8, 1985. On September 27, 1985, the trial court signed its order granting summary judgment to plaintiff, citing the fact that defendant had not filed a response to the motion. Defendant's motion for reconsideration was denied, and this appeal followed. *Held*:

1. Defendant contends the trial court erred in granting the motion for summary judgment "without setting a hearing." We do not agree. By order, on February 19, 1985, the Georgia Supreme Court promulgated the Uniform Rules for the Superior Courts, effective July 1, 1985. See 253 Ga. 801. Rule 6.3 thereof, provides that "[u]nless otherwise ordered by the court all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing. . . . Oral argument on any motion shall be permitted upon written request." Defendant argues that this rule contravenes OCGA § 9-11-56 (c), which provides, in pertinent part: "The motion [for summary judgment] shall be served at least 30 days before the time fixed for the hearing." Defendant's argument ostensibly is supported by decisional authority of this court. In *Premium Distrib. Co. v. National Distrib. Co.*, 157 Ga. App. 666, 668 (278 SE2d 468), we held: "Our reading of Code Ann. § 81A-156 [now OCGA § 9-11-56] reveals a clear legislative intent that a hearing be held at which oral argument may be made." This interpretation has been followed in *Sentry Ins. v. Echols*, 174 Ga. App. 541 (1) (330 SE2d 725); *Hosch v. Pickett*, 172 Ga. App. 13, 16 (321 SE2d 777); *Hillis v. First Nat. Bank of Waynesboro*, 168 Ga. App. 408 (309 SE2d 404). However, it must be noted that all of these cases preceded the effective date of the Uniform Superior Court Rules.

Our Supreme Court promulgated the Uniform Superior Court Rules pursuant to a delegation of authority in the Ga. Const. of 1983, Art. VI, Sec. IX, Par. I. Such rule-making is an authorized delegation of authority. *Harrell v. Courson*, 234 Ga. 350, 352 (216 SE2d 105); see generally 16 CJS 489, Const. Law, §§ 153, 154; 1 AmJur2d 897, Admin. Law, § 101. We have found no binding decisional authority interpreting constitutional delegation of authority to a governmental body in a rule-making role. But this issue is analogous to the case of a rule made by a state agency in conformity with a statutory delegation

of authority, and decisional authority exists for that type delegation. *Georgia Real Estate Comm. v. Accelerated Courses*, 234 Ga. 30, 35 (214 SE2d 495); *Glustrom v. State*, 206 Ga. 734, 736 (58 SE2d 534). When determining the effect of rules made by a governmental body under delegation of federal statutory authority, we found "those regulations have the force and effect of a Federal statute." *Knight v. Wingate*, 205 Ga. 133, 137 (52 SE2d 604). And, in construction of a statutory delegation of rule-making authority to the Georgia Public Service Commission, it was held that "such rules and regulations have the same force and effect as that of a statute." *Georgia Public Svc. Comm. v. Jones Transp.*, 213 Ga. 514, 515 (1) (100 SE2d 183).

These holdings are in accordance with the general view of the United States Supreme Court, that rules adopted in the exercise of a governmental body's delegated authority "acquire[ ] the force of law and become[ ] an integral part of the Act [cit.] to be judicially noticed." *Lilly v. Grand Trunk Western R. Co.*, 317 U. S. 481, 488 (63 SC 347, 87 LE 411). Another Supreme Court decision stated the same principle slightly different. It held that "[t]he regulation having been made by the commission in pursuance of constitutional statutory authority, it has the same force as though prescribed in terms by the statute." *Atchison, Topeka &c. R. Co. v. Scarlett*, 300 U. S. 471, 474 (57 SC 541, 81 LE 748); accord *Public Utilities Comm. v. United States*, 355 U. S. 534, 542 (78 SC 446, 2 LE2d 470). Our Georgia Supreme Court is in agreement that a regulation, within the scope of the delegated authority "has the force and effect of law." *Atkins v. Manning*, 206 Ga. 219, 221 (56 SE2d 260). However, *Atkins* added a caveat that the "rules must not be inconsistent with the legislative act or any State or Federal law. . . ." Id. at 220. Here, the defendant contends Rule 6.3 of the Uniform Superior Court Rules is in conflict with OCGA § 9-11-56 (c), and has cited the aforementioned cases by this court holding that a hearing is required before a trial court can rule upon a motion for summary judgment.

We can resolve this issue in any one of three ways. First, Rule 6.3 was promulgated by a governmental body pursuant to a constitutional delegation of authority, and the rule has the force and effect emanating from the delegating authority, the Constitution. Hence, even if the rule were contrary to the statute, the constitutional rule would control.

Secondly, the decisions of the Court of Appeals pre-date the effective date of the Uniform Rules and the statute, which does not per se require an oral hearing, were never interpreted in the context of the rules issued by the Supreme Court. This issue of the absence of an oral hearing by Rule 56 (c) has not been decided by the Supreme Court, but the Georgia Supreme Court may be considered to have been aware of the provisions of OCGA § 9-11-56 (c), and the decisions

of this court at the time it issued the Uniform Rules for the Superior Courts, and must have reached its own decision as to legality of Rule 6.3, for we can never assume that the Georgia Supreme Court intended to do an unconstitutional act. *Glustrom v. State*, supra at 739. Hence, the Supreme Court must have found no inconsistency between Rule 6.3 and OCGA § 9-11-56 (c).

Such a finding would follow the majority rule of the federal courts. Although earlier federal cases interpreting Rule 56 (c) of the federal rules, which is identical to Georgia CPA Rule 56 except for the number of days, were divided as to whether a hearing at which oral argument could be made was required, the overwhelming weight of current decisions finds that reference to a "hearing" in Rule 56 (c) "does not necessarily mean an oral hearing. What the rule contemplates is 10-day advance notice to the adverse party that the matter will be heard and taken under advisement as of a certain day. This provides the adverse party with an opportunity to prepare and submit affidavits, memoranda and other materials for the court to consider when ruling on the motion. If the adverse party is given this opportunity, then he has been heard within the meaning of Rule 56." *Kibort v. Hampton*, 538 F2d 90, 91 (5th Cir. 1976); accord *Daniels v. Morris*, 746 F2d 271, 274 (5th Cir. 1984); *Clark Equip. Credit Corp. v. Martin Lumber Co.*, 731 F2d 579 (8th Cir. 1984); *Moore v. State of Fla.*, 703 F2d 516 (11th Cir. 1983); *Allied Chemical Corp. v. Mackay*, 695 F2d 854 (5th Cir. 1983); *Capital Films v. Charles Fries Productions*, 628 F2d 387, 391 (5th Cir. 1980). The U. S. Supreme Court agrees that due process does not require an opportunity for oral argument on every question of law. *Federal Communications Comm. v. WJR*, 337 U. S. 265 (69 SC 1097, 93 LE 1353).

Third, federal courts have reached the conclusion that when Rules 56 (c) (OCGA § 9-11-56 (c)), Rule 78 (OCGA § 9-11-78), and Rule 83 (OCGA § 9-11-83) are considered in conjunction, it is permissible for court rules to provide that an oral argument hearing is not required unless the party requests it. *Dredge Corp. v. Penny*, 338 F2d 456 (9th Cir. 1964); accord *Clark Equip. Credit Corp.*, supra; *Shearer v. Homestake Mining Co.*, 727 F2d 707, 709 (8th Cir. 1984); *Ailshire v. Darnell*, 508 F2d 526, 528 (8th Cir. 1974); *Parish v. Howard*, 459 F2d 616, 620 (8th Cir. 1972).

Federal courts when faced with the question now before us, that is, when a court rule provides that a motion for summary judgment will be decided on briefs and affidavits, unless oral argument is requested, have held the court rule was not in conflict with Rule 56 (c) and "fully satisfied the notice and hearing requirements of Rule 56." *Hamman v. Southwestern Gas Pipeline*, 721 F2d 140, 142 (5th Cir. 1983); accord *United States v. One 1974 Porsche*, 682 F2d 283, 286 (1st Cir. 1982); *McMillian v. City of Rockmart*, 653 F2d 907, 911 (5th

Cir. 1981).

Thus, while consistency among the different rules must be considered, Rules 78 and 83 contemplate that the courts will make rules amplifying the basic provisions of the CPA. Rule 12 (b) (OCGA § 9-11-12 (b)) provides in part that on motions to dismiss for failure to state a claim, when matters outside the record are presented, "the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and *all parties shall be given reasonable opportunity to present all material* made pertinent to such a motion. . . ." (Emphasis supplied.) But, Rule 12 goes on to address how the seven listed defenses should be handled, i.e., they "shall be heard and determined . . . *on application* of any party *unless* the court orders that *the hearing* and determination thereof *be deferred* until the trial." (Emphasis supplied.) OCGA § 9-11-56 (d). Hence, Rule 12 refers to Rule 56 as giving only "reasonable opportunity to present all material" on a motion for summary judgment and does not include the right to oral argument except "on application." Under this interpretation, OCGA § 9-11-12 establishes a procedure identical to that of Rule 6.3 of the Uniform Superior Court Rules.

We find Rule 6.3 of the Uniform Superior Court Rules is not inconsistent with OCGA § 9-11-56 (c) (*Spikes v. Citizens State Bank,* 179 Ga. App. 479 (347 SE2d 310)), and under each or all of the three bases cited above, it was not error for the trial court to arrive at this decision on summary judgment in accordance with Rule 6.3, Uniform Superior Court Rules, without an oral argument hearing, where neither party requested such a hearing.

2. Appellee's motion for damages for frivolous appeal is denied.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 15, 1986 —
REHEARING DENIED NOVEMBER 4, 1986

*James B. Deal, John W. Gibson,* for appellant.
*Leslie S. Trachtman, David R. LaVance, Jr., Mark A. Kelley,* for appellee.