## A90A0423. HOLSTEIN v. NORTH CHEMICAL COMPANY et al.
(390 SE2d 910)

BIRDSONG, Judge.

This is a discretionary appeal brought by appellant Roger L. Holstein from the order of the superior court affirming the 2-1 decision of the Board of Review of the Georgia Department of Labor affirming the decision of the hearing officer and denying unemployment compensation benefits to appellant. *Held*:

1. Appellees assert this court lacks jurisdiction of this appeal because appellant failed to file his appeal of the hearing officer's decision, within ten days, as required by OCGA § 34-8-173. We disagree for two independent reasons.

First, we find that the record does not contain any competent evidence establishing the exact date when the hearing officer's decision was mailed. See generally OCGA § 34-8-173. While the record does contain some evidence that the hearing officer's decision was "issued" on March 3, 1988, there is absolutely no evidence that the decision was actually mailed on that date or that appellant was "duly notified" of the decision at this time. In fact, the record reflects that appellant gave testimony by telephone the day before and did not attend the hearing personally, and that the hearing officer informed appellant over the phone that he would "not today indicate one way or the other what my decision is going to be." Mere issuance of a decision is not equivalent either to mailing or to duly notifying appellant thereof, because an opinion can be issued internally without being mailed and without actual notification to appellant. Moreover, if the legislature had desired to make "issuance date" rather than "notification date" controlling, it would have been an easy matter to have done so.

There being no competent evidence of record as to when the hearing officer's decision was actually mailed, the critical question then becomes what date appellant was "duly notified" thereof. The record reflects, without contradiction, that actual notification occurred when appellant received the mailed decision the following week, that is, not earlier than March 7, 1988. As appellant filed his notice of appeal on March 17, 1988, it was timely within the meaning of OCGA § 34-8-173.

Secondly, notwithstanding the timeliness of the appeal submitted by appellant, we find the Board of Review elected to and did hear the appeal on the merits. The effect of this action is a matter of first impression for this court.

In a determination of when the decision of a hearing officer (appeals tribunal) becomes final, and the circumstances under which an appeal of such decision can be maintained, OCGA § 34-8-173 and OCGA § 34-8-172 (b), being in pari materia, must be construed to-

gether. Such construction makes it clear that notwithstanding the ten-day time limitation of OCGA § 34-8-173, the Board of Review has express statutory authority, under OCGA § 34-8-172 (b), to act "on its own motion" to "affirm, modify, or set aside *any* decision of an appeals tribunal [hearings officer]. (Emphasis supplied.) Id.; see *Phillips v. Caldwell*, 144 Ga. App. 376, 377 (241 SE2d 278). Moreover, as OCGA § 34-8-172 (b) contains no express time limitation for the Board's actions, it appears to have been the intent of the legislature, considering the broad and complex powers therein granted, to vest the Board with a "reasonable time period" in which to exercise their statutory granted authority. Thus, assuming arguendo, appellant's appeal was not timely within the meaning of OCGA § 34-8-173, the action of the Board of Review in accepting the appeal on its merits, being done within a reasonable time, was clearly within its express statutory powers. Accordingly, a jurisdictionally sound Board decision resulted from which a timely petition for judicial review could be filed in superior court. See generally OCGA § 34-8-176 (b).

2. OCGA § 34-8-158 (2) (B) expressly authorizes the Commissioner of Labor to promulgate certain rules and regulations to assist him in making those statutory determinations required therein. Promulgation is a formal act of official publication effected in writing. See generally Black's Law Dictionary (5th ed.), p. 1093. Assuming without deciding that Labor Department Regulation (LDR) 300-2-9-.03 (1) (e), as currently promulgated, would be applicable in cases where an employee has quit his employment because of the aggravation of a pre-existing medical condition, we find it does not apply to the case sub judice.

LDR 300-2-9-.03 (1) (e) has an effective date of January 29, 1989, subsequent even to the date of filing of the claim in this case. In the absence of a genuine necessity existing to the contrary, administrative rules and regulations should not be amended so as to effect a retroactive change, and should not be applied retroactively in the determination of a claimant's rights. *Cross v. Balkcom*, 102 Ga. App. 81, 84 (115 SE2d 783), reversed on other grounds, *Balkcom v. Cross*, 216 Ga. 530 (118 SE2d 185); see generally 73 CJS, Public Administrative Bodies & Procedure, § 107; compare OCGA § 1-3-5.

3. Appellees assert that the decision of the Board must be approved if there exists any evidence to sustain it.

OCGA § 34-8-176 (b) expressly provides that "[i]n any judicial proceeding under this Code section, the findings of the Board of Review *as to the facts*, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." (Emphasis supplied.)

OCGA § 34-8-158 (1) pertinently provides that an individual shall be disqualified for benefits "after he has left his most recent

employer *voluntarily without good cause* in connection with his most recent work," until certain conditions not here applicable are met. (Emphasis supplied.)

Although this court on occasion (see, e.g., *Bulloch Academy v. Cornett*, 184 Ga. App. 42 (360 SE2d 615)) has been able to apply the "any evidence" test without attempting to differentiate between "voluntariness" and "good cause," when critical to the proper adjudication of an appeal we have recognized the following difference. "Whether or not an employee voluntarily leaves employment is usually a question of fact, [cit.], but whether there existed good cause for his voluntary termination more often requires a legal conclusion." *Western Elec. Co. v. Ellison*, 170 Ga. App. 565, 566 (317 SE2d 595), cert. den.

We find that the question of whether appellant quit his job either with or without "good cause" requires a legal conclusion in this case. Review of the record before us reveals that the hearing officer found as fact, after the original hearing was reopened for good cause shown, that appellant "quit" his job, but he did not expressly find the reason for such "quitting." He further found that appellant "did not provide medical evidence to the employer to show the work or work environment was detrimental to his health, however, he had *discussions* with the employer relative to his asthma and the effect the dust had on this condition." (Emphasis supplied.)

We conclude that if appellant, *in fact*, voluntarily quit his job because the work environment caused or aggravated a pre-existing medical condition to the extent that he either was unable to perform properly his employment duties, or was unable to perform properly his employment duties without unreasonable risk of harm to his health due to continued employment, and that the employee timely notified his employer of the reason for his decision, such voluntary quitting would be with due cause *as a matter of law*. Compare *Allen v. Caldwell*, 169 Ga. App. 103 (311 SE2d 536); *Caldwell v. Amoco Fabrics Co.*, 165 Ga. App. 674 (302 SE2d 596). Conversely, if *in fact*, the employee quits his job, not because of health risk or inability to perform duties resulting from any existing medical condition, but to facilitate his moving to a different locality, such voluntary quitting would be without due cause *as a matter of law*.

In reaching any of the above *factual* determinations, the trial court should consider that "Georgia . . . has a strong public policy favoring payment of unemployment benefits to persons unemployed through no *fault* of their own. OCGA § 34-8-2. The *burden is on the employer* urging the disqualification for benefits to show by a preponderance of evidence that the applicant for compensation comes within the [statutory exceptions of OCGA § 34-8-158]." (Second emphasis supplied.) *Millen v. Caldwell*, 253 Ga. 112, 113 (317 SE2d 818); *Lamb*

*v. Tanner,* 178 Ga. App. 740, 741 (344 SE2d 534); *Dalton Brick &c. Co. v. Huiet,* 102 Ga. App. 221, 224 (2) (115 SE2d 748) ("an employer seeking to deny benefits . . . because of an excepting clause within the act has the burden of showing by a preponderance of the evidence that the employee comes within such exception").

As the record currently fails to contain those findings of fact from which this court could determine, as a matter of law, whether appellant's voluntary quitting of employment was with good cause, within the meaning of OCGA § 34-8-158 (1), we will remand this case for such necessary findings and for such other disposition as is not inconsistent with this opinion. In this regard, any rules or regulations duly employed in the resolution of this matter may not shift the *burden of proof* to claimant in disregard of the precedent of *Millen, Lamb,* and *Dalton,* supra.

*Judgment reversed and case remanded with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 15, 1990.

*Kenneth G. Levin, B. Michel Phillips III,* for appellant.
*Smith, Gambrell & Russell,* Theodore M. Forbes, Jr., *Michael J. Bowers, Attorney General, William F. Amideo, Assistant Attorney General,* for appellees.

