### A94A0637. TNS MILLS v. RUSSELL.
(443 SE2d 658)

ANDREWS, Judge.

After Russell was discharged from her employment at TNS Mills for striking another employee at the work place, she was denied unemployment benefits by the Georgia Department of Labor (the department). Russell appealed the department's determination pursuant to OCGA § 34-8-220. On appeal, an administrative hearing officer of the department determined that, because Russell was discharged for striking her fellow employee, she was disqualified from benefits under OCGA § 34-8-194 (2) (A) (i) (I) and the department's board of review subsequently adopted and affirmed the decision of the hearing officer. On judicial review of the department's final decision pursuant to OCGA § 34-8-223, the superior court reversed the decision of the board and determined that Russell was entitled to receive unemployment benefits. We granted the application of TNS Mills for a discretionary appeal from the order of the superior court.

Under OCGA § 34-8-223 (b), in any judicial review of the board by the superior court "the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." The factual determinations of the board must be affirmed if there is "any evidence" to support them. *Holstein v. North Chemical Co.*, 194 Ga. App. 546, 547 (390 SE2d 910) (1990). In this case, the superior court did not reverse the board on a factual determination. Rather, the superior court determined the board failed to make a critical factual determination it was required to make by departmental rules.

The commissioner of the department, acting through the administrative hearing officer and the board of review, is required pursuant to OCGA § 34-8-222 to conduct hearings and appeals in accordance with the prescribed department rules and regulations. The rules and regulations of the department provide that "[i]n determining whether an individual should be disqualified for benefits under OCGA § 34-8-194 (2) the Commissioner *shall consider the factors as set out in (a) through (f) below. . . .* [T]he Commissioner shall not be limited to a consideration of the factors enumerated herein but may consider such other factors as the totality of the circumstances dictates. Once an employer has met its burden of proof with respect to a failure of a claimant to obey rules, orders or instructions or to perform the duties

for which he was employed, the Commissioner *shall consider any of these factors in mitigation of the offense, action or inaction of the employee.* . . . (e) Where the employee was discharged for engaging in a physical fight or threatening behavior on the employer's premises or while on the job under the provisions of OCGA § 34-8-194 (2) (A) (i) (I), the Commissioner shall consider . . . [t]he extent of *any provocation to or threat to* the discharged employee." (Emphasis supplied.) Rules of the Georgia Department of Labor, Chapter 300-2-9, Rule 300-2-9-.01.

The record shows it was the policy of TNS Mills to discharge any employee who struck another employee at work regardless of threat or provocation. The transcribed record of testimony before the hearing officer contains evidence that Russell slapped her fellow employee only after being severely provoked. TNS Mills conceded that it also discharged the other employee slapped by Russell because that employee instigated the incident.

In considering the claim under OCGA § 34-8-194 (2) (A) (i) (I), the hearing officer and the board concluded that Russell was disqualified from benefits because she intentionally violated her employer's rule against striking another employee. The board made a factual determination that Russell did not act in self-defense. This was arguably a factual determination, supported by evidence in the record, that Russell was not threatened. However, there is no indication in the record that any consideration was given to the extent to which Russell's action was provoked by her fellow employee, whether or not she was threatened.

Contrary to TNS Mills' contention, the superior court correctly determined as a matter of law that the board failed to properly consider the circumstances of provocation in determining whether Russell was disqualified from benefits. However, we agree with the contention of TNS Mills that the superior court erroneously made new factual determinations to support its order granting benefits to Russell. The superior court erred by making a factual determination, on an issue not considered by the board, that Russell was sufficiently provoked and, therefore, not disqualified from benefits. Whether Russell was sufficiently provoked so that she was entitled to benefits (despite her employer's policy of discharging any employee for striking a fellow employee regardless of provocation) is a factual issue for consideration by the department.[1]

---

[1] The superior court also reversed the determination of the board on the basis that it erroneously considered certain hearsay evidence admitted at the hearing in violation of the department rule requiring that "[n]o testimony shall be taken that does not permit the parties of interest an opportunity for cross-examination." Rules of the Georgia Department of Labor, Chapter 300-2-5, Rule 300-2-5-.02 (3) (a). Even if the evidence complained of was

Accordingly, this case is remanded to the superior court with direction that the case be remanded to the department for the purpose of considering and making a factual determination on the issue of provocation. See *Millen v. Caldwell*, 253 Ga. 112, 116 (317 SE2d 818) (1984).

*Judgment reversed and case remanded with directions. Beasley, P. J., and Johnson, J., concur.*

DECIDED APRIL 13, 1994 —
RECONSIDERATION DENIED MAY 2, 1994.

Michael J. Bowers, Attorney General, Valencia C. Porter, Assistant Attorney General, McClure, Ramsay & Dickerson, John A. Dickerson, Elizabeth F. Moore, for appellant.

Nadine D. Bailey, Mary I. Dickerson, Phyllis J. Holmen, Lisa J. Krisher, for appellee.

erroneously admitted, it was cumulative of other properly admitted testimony and provided no basis for reversal.