**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 24, 2023**

# In the Court of Appeals of Georgia

A23A0555. PEACE v. BUTLER et al.

MERCIER, Judge.

Following her separation from employment at Southern Historical News, Inc. ("Southern Historical"), Dana Peace applied to the Georgia Department of Labor ("the Department") for unemployment insurance benefits. The Department denied her unemployment claim, and the superior court affirmed that decision upon judicial review. We granted Peace's application for discretionary appeal. For reasons that follow, we vacate the superior court's judgment and remand for further proceedings.

On appeal from a superior court ruling in an administrative action, "our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency." *Butler v. Butler*, 363 Ga. App. 280, 281 (870 SE2d 857) (2022) (citation and punctuation omitted). We

must uphold the agency's findings of fact if they are supported by "any evidence," and we evaluate de novo the conclusions of law based upon those factual findings. See id. In the employment context, we are mindful of the General Assembly's declaration that "economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state." OCGA § 34-8-2. We thus "liberally construe the provisions of the unemployment statutes in favor of the employee" and narrowly construe "statutory exceptions and exemptions that are contrary to the expressed intention of the law[.]" *Butler*, 363 Ga. App. at 281 (citation and punctuation omitted).

The record shows that Peace began working as a sales representative for Southern Historical in 2000. In May 2020, during the COVID-19 Public Health State of Emergency,[1] Peace received the following notice in the mail from her employer: "We are planning to reopen June 1st. We will have a meeting Tuesday, May 25th @ 10:00 a.m. Everyone MUST be here if you plan to keep your job." The meeting was to be conducted in-person at the Southern Historical office.

---

[1] On April 30, 2020, Governor Brian Kemp extended the Public Health State of Emergency through June 12, 2020. See Executive Order 04.30.20.01. The executive orders issued in 2020 are available at https://gov.georgia.gov/executive-action/executive-orders/2020-executive-orders.

Peace arrived for the meeting early and asked Mike Rogers, Southern Historical's owner, whether the gathering could be held outside to comply with COVID-19 safety guidelines. Rogers declined the request, indicating that the meeting would proceed indoors in an area where Peace did not believe the attendees (approximately 17 people, most of whom were unmasked) could socially distance. Rogers questioned why Peace and a few others were wearing masks, stating that he was "tired of the GD rules" and making light of the pandemic. According to one witness, Rogers told individuals who were worried about the meeting that if they "were scared of the GD virus, [they] should take a gun and put it to [their] heads."

Concerned for her safety, Peace left the office. Jane Everly, her immediate supervisor, sent Peace a text message, stating: "We are starting the meeting so if you're not in it we assume you quit." Peace did not return. At the time, Peace was a "little bit obese" and she believed she had autoimmune issues, although she had not been diagnosed with an autoimmune disorder. She also lived with her fiancé, who had high blood pressure, a heart condition, and diabetes.

Peace subsequently applied to the Department for unemployment insurance benefits. A claims examiner denied the claim after concluding that Peace had voluntarily resigned her position. Peace appealed that decision to the Department's

3

appeals tribunal, which appointed an administrative hearing officer ("AHO") to review the events surrounding her separation. Following an evidentiary hearing, the AHO affirmed the denial of benefits, finding:

> Based on the evidence, the claimant voluntarily quit her position after she walked out of a mandatory meeting without authorization. The evidence shows that the claimant left the meeting due to her concerns about the lack of COVID-19 safety guidelines. The claimant failed to show a good work-connected cause for quitting. Therefore, disqualification is required.

Peace appealed the denial to the Department's Board of Review, which adopted the AHO's findings and affirmed the decision. On motion for reconsideration, Peace argued that the Board failed to consider her claim under an emergency administrative rule adopted in March 2020 to specifically address COVID-19. See Ga. Comp. R. & Regs., r. 300-2-9-0.9-.06 (5).[2] The Board denied the motion for reconsideration without discussion. Peace petitioned the superior court for judicial review, arguing that she was entitled to benefits under Ga. Comp. R. & Regs., r. 300-2-9-.05 and r.

---

[2] The text of the emergency rule is available at https://dol.georgia.gov/blog-post/2020-03-20/emergency-rules-adopted-03-19-20.

4

300-2-9-0.9-.06 (5). The superior court affirmed the Board of Review. This appeal followed.

1. The Department found that Peace voluntarily quit her job.[3] Pursuant to OCGA § 34-8-194 (1) (A), an individual is disqualified from receiving unemployment benefits if "such individual has left the most recent employer voluntarily without good cause in connection with the individual's most recent work." The Department's commissioner is responsible for determining whether "good cause in connection with the individual's most recent work" exists. See OCGA § 34-8-194 (1) (B). To assist in this inquiry, Ga. Comp. R. & Regs., r. 300-2-9-.05 (1) provides:

> An employee who voluntarily quits is to be disqualified unless he/she can show that the employer had changed the terms and conditions of work in a manner that the employee, applying the judgment of a reasonable person, would not be expected to continue that employment.

The rule specifies various factors that the commissioner should consider in making the required determination, including:

---

[3] At the administrative hearing, Peace testified that she believed she had been fired when she left the May 25, 2020 meeting. The Board found otherwise, and at least some evidence supports that determination.

5

Whether the employee's health was placed in jeopardy by conditions on the job. There must be some clear connection between the health problem and the performance of the job, and professional medical advice is required unless the reason would be obvious that harm to the employee would result from continued employment. This includes such obvious things as broken limbs, violent reactions such as allergies due to the environment on the job and similar circumstances. Provided, however, the employee must discuss the matter with the employer to seek a solution by another assignment or other changes that would be appropriate to relieve the medical problem before the employee can show good work-connected cause for quitting.

Ga. Comp. R. & Regs., r. 300-2-9-.05 (1) (e).

It appears that the Department may not have considered whether Peace's health and the circumstances at the May 25, 2020 meeting gave her good work-connected cause for quitting, as defined by Rule 300-2-9-.05 (1) (e). The rule is not mentioned in any of the decisions issued during the administrative proceeding. Although the AHO noted that Peace was upset about violations of COVID-19 safety requirements, the officer did not discuss Rule 300-2-9-.05 (1) (e) or its requirements.

The commissioner, acting through the AHO and the Board of Review, was required "to conduct [Peace's] hearings and appeals in accordance with the prescribed department rules and regulations." *TNS Mills v. Russell*, 213 Ga. App. 107, 107 (443

6

SE2d 658) (1994); see also OCGA § 34-8-222. We are concerned that the commissioner failed to consider Rule 300-2-9-.05 (1) (e) when resolving her claim, and the Department's decision contains insufficient findings relating to this rule. Accordingly, we vacate the superior court's judgment and direct the superior court to remand this case to the Department to make the findings necessary to determine whether Ga. Comp. R. & Regs., r. 300-2-9-.05 (1) (e) applies here. See id. at 108-109 (remanding decision denying unemployment benefits for the Department to consider regulatory provision that it initially failed to address).

2. Peace further argues that, even if she voluntarily left her position, she is not disqualified from benefits because her separation should be considered "involuntary" under a COVID-related emergency rule adopted by the commissioner in March 2020. The emergency rule, which was added to the Department's administrative regulations as Ga. Comp. R. & Regs., r. 300-2-9-0.9-.06 (5), provides:

> [C]ertain individuals unable to work due to the COVID-19 public health emergency who have an expectation of returning to work when the emergency ceases shall be considered involuntarily unemployed through no fault of their own. This rule shall apply to all claims filed on or after March 14, 2020, including but not be limited to an individual:

(a) Quarantined or self-quarantined on the advice of a licensed medical professional;

(b) Sixty (60) or more years of age;

(c) With a recognized medical condition making that individual particularly susceptible to COVID-19;

(d) Who is a caregiver and resides with someone identified in part (b) or (c) of this subparagraph; or

(e) Who is a custodial parent or legal guardian of a minor whose school is closed due to COVID-19 and is unable to secure childcare.

Once again, it is not clear whether the Department analyzed Peace's claim for benefits under the emergency rule. The Department made no findings relating to the rule's requirements. And although the superior court concluded that Peace "does not fit into one of the five categories of individuals to which the Department's COVID-19 Emergency Rule applies," the court was not authorized to make this factually-infused determination for the first time on petition for judicial review. See *TNS Mills*, 213 Ga. App. at 108 ("The superior court erred by making a factual determination[] on an issue not considered by the board"). On remand, therefore, the Department shall also consider and make appropriate findings as to Peace's eligibility for benefits pursuant

to Emergency Rule 300-2-9-0.9-.06 (5).[4] See *Butler*, 363 Ga. App. at 283 (directing superior court to remand claimant's case to the Department for consideration under Emergency Rule 300-2-9-0.9-.06 (5)).

*Judgment vacated and case remanded with direction. Miller, P. J., and Hodges, J., concur.*

---

[4] We express no opinion as to whether Peace is entitled to benefits under Ga. Comp. R. & Regs., r. 300-2-9-.05 (1) (e) or Emergency Rule 300-2-9-0.9-.06 (5). We find only that, given our mandate to liberally construe unemployment provisions favorably to the employee, see *Butler*, 363 Ga. App. at 281, we must ensure that the Department considers Peace's eligibility under these rules.